OPINION
{¶ 1} Appellant, Paschal J. Palmieri ("Mr. Palmieri"), appeals from the Franklin County Court of Common Pleas, Division of Domestic Relations, November 18, 2004 judgment entry overruling his objections to the magistrate's June 21, 2004 order. The magistrate's order denied Mr. Palmieri's request for modification or termination of spousal support upon finding there had not been a substantial change in circumstances to warrant a modification. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Mr. Palmieri and appellee, Sandra M. Palmieri ("Mrs. Palmieri"), were married in 1957 and divorced pursuant to an Agreed Judgment Entry Decree of Divorce filed June 8, 1992, and made effective May 5, 1992. Three children were born as issue of the marriage; all of whom were emancipated at the time of the divorce.
 {¶ 3} As a part of the divorce decree, Mr. Palmieri was ordered to pay spousal support of $1,800 per month for seven months and, commencing January 6, 1993, the sum of $1,400 per month until the death of a party, Mrs. Palmieri's remarriage, or Mrs. Palmieri's cohabitation with an unrelated male. The decree divided the parties' assets and liabilities, and the court retained jurisdiction to modify the amount or terms of the spousal support provision.
 {¶ 4} At the time of the divorce, Mrs. Palmieri was working full-time as an office manager for an agent of State Farm Insurance. In 1991, her annual salary was $18,679, she was 54 years old, a high school graduate, and in good health. During the pendancy of the divorce proceeding, Mr. Palmieri voluntarily resigned his job as a liquor salesman for Vintner's International, where he was making $110,000 per year. He did so based on fears the company was in serious financial trouble. Eventually, Vintner's International filed for bankruptcy, but Mr. Palmieri was able to secure new employment in August 1991 with Jim Beam Brands making $65,000 per year. Further, in 1991, Mr. Palmieri was 56 years old, a college graduate, and in good health.
 {¶ 5} The total net marital assets amounted to approximately $425,000. Under the terms of the settlement agreement, Mrs. Palmieri retained the family home and its contents, rental real estate, and most of her assets as well as most of the joint assets. Mr. Palmieri retained all of his retirement assets as well as the rest of his assets. All life insurance policies were to be surrendered and the cash split between the two parties. Ultimately, each party received approximately $200,000 of the marital estate, excluding furnishings.
 {¶ 6} The parties differ on the extent to which Mr. Palmieri's retirement played in the settlement negotiations. Mrs. Palmieri testified before the magistrate that she compromised on the amount of support she needed each month in consideration of Mr. Palmieri's eventual retirement. Mrs. Palmieri believes the support payments were based on her need for $2,000 per month, rather than on Mr. Palmieri's salary. Mr. Palmieri testified he believes the support amount was based on his $110,000 salary from Vintner's. He further agreed that during the negotiations, he had discussed his retirement with his attorney.
 {¶ 7} In early 2000, Mrs. Palmieri sold the marital home, receiving net proceeds of $113,569. She also sold the rental property and received net proceeds of $22,461. The rental property was sold to her daughter for several thousand dollars less than its market value. Mrs. Palmieri then moved to the Cleveland area to be near family; residing in her sister's home from mid-2000 to mid-2002. While she was temporarily unemployed during this time, in 2001, Mrs. Palmieri found employment in the Cleveland area with a Nationwide Insurance agency. Her annual salary was $25,635.
 {¶ 8} In 2002, Mrs. Palmieri purchased a home of her own in Avon, Ohio for $227,000, with a mortgage of $179,871. Mrs. Palmieri also found new employment with another Nationwide Insurance agency closer to her new home earning $30,000 per year. The same year, Mrs. Palmieri gave her son a gift of $25,000.
 {¶ 9} The value of Mrs. Palmieri's IRA and brokerage investments was $175,361 by June 30, 2003. She also owns three insurance policies with an aggregate value of $17,568 and 15,000 shares in DynaResources, a gold mining company, purchased for $30,000. As of July 1, 2003, Mrs. Palmieri had assets of approximately $295,059 with liabilities of $4,700, not including her mortgage. Her gross monthly employment income is $2,500 per month. Spousal support remains at $1,400 a month. She also receives social security benefits of $767 per month and dividends/interest of $333.33 per month. Her total monthly income is $5,000.33. Mrs. Palmieri's monthly expenses, not including investments and savings but including her housing expenses, are approximately $4,040 per month.
 {¶ 10} Since the divorce, Mr. Palmieri continued to work for Jim Beam Brands. During this time, his salary increased from $65,000 in 1991 to $129,807.44 in 2001. In 2002, while employed by Jim Beam Brands, Mr. Palmieri left his rental housing in Columbus, Ohio and moved to Las Vegas where he purchased a home for $349,434, with a mortgage of $200,000. Mr. Palmieri's girlfriend, Patsy Bard, is a co-owner of the real estate and is an obligor on the mortgage. However, Mr. Palmieri testified that Ms. Bard did not contribute to the down payment and makes none of the mortgage payments. Additionally, Mr. Palmieri has given Ms. Bard at least $4,000 for her personal use.
 {¶ 11} Mr. Palmieri retired from Jim Beam Brands effective April 30, 2003. Since then, his monthly income consists of $1,501.30 from social security, $2,394.76 from his pension plan, $208 from his father's trust, $54.16 from U.S. Treasury Notes, and, at a minimum, $1,067 in retirement investment returns. His total monthly income is $5,225.22. As of July 1, 2003, Mr. Palmieri was worth approximately $880,367 with no other liabilities beyond his mortgage. Mr. Palmieri claimed monthly expenses, not including investments and savings but including his housing expenses and spousal support payments, of $5,793.95 per month. Some of those expenses are challenged by Mrs. Palmieri as unreasonable and/or unnecessary.
 {¶ 12} On April 26, 2002, Mr. Palmieri filed a motion in the trial court to modify or terminate spousal support. He argued that changed circumstances warranted a modification or termination of the previously ordered spousal support. The magistrate held a hearing August 4, 2003. On June 21, 2004, the magistrate denied the motion. Mr. Palmieri filed objections to the magistrate's decision on July 6, 2004. The trial court filed a judgment entry on November 18, 2004 overruling the objections.
 {¶ 13} Mr. Palmieri now appeals the trial court decision and asserts two assignments of error:
ASSIGNMENT OF ERROR I:
The trial court erred in finding that there [HAD] Been no change in circumstances permitting the court to modify defendanta-ppellant's obligation to pay spousal support.
ASSIGNMENT OF ERROR II:
The trial court erred in finding that defendant's retirement at age 67 wherein his income would primarily be social security and retirement benefits earned after the divorce was essentially a voluntary reduction in income not entitling him to relief as to his spousal support obligation.
 {¶ 14} Our review of this case is based on an abuse of discretion standard. "While a reviewing court in any domestic-relations appeal must be vigilant in ensuring that a lower court's determination is fair, equitable, and in accordance with law, an appellate court must refrain from the temptation of substituting its judgment for that of the trier-of-fact, unless the lower court's decision amounts to an abuse of discretion."Martin v. Martin (1985), 18 Ohio St.3d 292, 295. An abuse of discretion means the trial court's decision is unreasonable, arbitrary or unconscionable and is not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 15} In his first assignment of error, Mr. Palmieri argues this court should reverse the trial court and order it to enter a finding that there has been a change in circumstances. Mr. Palmieri contends the spousal support award is unjust because Mrs. Palmieri's income has nearly doubled and she voluntarily increased her living expenses since the time of the award, while his income has been reduced due to his retirement. Additionally, Mr. Palmieri believes the court should follow the premise that spousal support should terminate at a certain point in time. SeeKunkle v. Kunkle (1990), 51 Ohio St.3d 64
 {¶ 16} Mrs. Palmieri argues the trial court did not abuse its discretion, and therefore, the judgment should be affirmed. She asserts Kunkle is not applicable in this situation due to the long duration of the marriage, advanced age of the parties at the time of the divorce, and the fact that she has no real ability to be self-supporting. Further, Mrs. Palmieri contends the divorce agreement was intended to be permanent and Mr. Palmieri's ultimate retirement was fully considered in the negotiations between the parties. It is Mrs. Palmieri's position that she remains unable to support herself despite her gradual increase in income over the years. Therefore, she reasons, her circumstances have not substantially changed.
 {¶ 17} Generally, a trial court is afforded great discretion in deciding spousal support issues. Bolinger v. Bolinger
(1990), 49 Ohio St.3d 120; Cherry v. Cherry (1981),66 Ohio St.2d 348. Where modification of a spousal support award is requested, the threshold questions are whether the trial court retained jurisdiction to modify the provisions of its order and whether the circumstances of a party have changed. Wolding v.Wolding (1992), 82 Ohio App.3d 235, 239. In the present case, the trial court specifically retained jurisdiction to modify the provisions of the decree.
 {¶ 18} R.C. 3105.18(E) provides that the court that enters the decree of divorce has jurisdiction to modify the amount or terms of the spousal support only where the court determines that the circumstances of either party have changed. R.C. 3105.18(F) specifies that for purposes of division (E), "a change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." To warrant a modification, the change must be "substantial and one not contemplated at the time of the prior order." Tremaine v.Tremaine (1996), 111 Ohio App.3d 703, 706. If a change of circumstances is found to exist, the trial court must determine whether spousal support is still necessary and, if so, in what amount. Kucmanic v. Kucmanic (1997), 119 Ohio App.3d 609, 613;Bingham v. Bingham (1983), 9 Ohio App.3d 191.
 {¶ 19} Considering all the evidence now before the court, we find that the trial court's determination that there was not a change in circumstance was not unreasonable, arbitrary or unconscionable. First, there is testimony in the record that Mr. Palmieri's retirement, and the accompanying reduced income, was thoroughly considered at the time of the divorce. Both the magistrate and the trial court found retirement was contemplated, discussed, and debated prior to the ultimate agreement on spousal support. Nothing in the record suggests this was not the case. The divorce decree lays out three specific terminating events for spousal support. Mr. Palmieri's retirement is not one of them. At the time of the divorce, Mr. Palmieri could have negotiated a provision regarding modification or termination of spousal support upon retirement. He was less than ten years from retirement age at the time of the divorce. He did not do so and cannot now ask the court to relieve him of his choice. A court cannot base modification on a change that was contemplated at the time of the divorce.
 {¶ 20} Second, even if retirement had not been contemplated, neither party's income is substantially different now from their income in 1991. At the time of the divorce, Mr. Palmieri was working at Jim Beam Brands making $65,000 per year, or $5,416.66 per month. His current monthly retirement income is $5,225.22, a difference of less than $200 per month. Moreover, his assets have appreciated over 300 percent. If Mr. Palmieri were still working, his monthly income would be approximately $5,000 greater than it is currently, because his income had increased significantly since the divorce. Mrs. Palmieri's employment income has increased approximately $1,000 per month from $1,550 to $2,500 per month; the approximate equivalent to a four percent increase per year. However, her assets have increased only by 50 percent. The court also notes that Mrs. Palmieri is still working full-time and is unable to retire at present. While her income has increased, the trial court was not unreasonable, arbitrary or unconscionable when it determined that increase was not substantial.
 {¶ 21} Mr. Palmieri also argues that Mrs. Palmieri has voluntarily increased her expenses since the divorce. According to the record, both parties have increased their expenses over the years, with both incurring mortgages at or near the time the motion to modify or terminate was filed. The court cannot consider Mrs. Palmieri's increases in expenses without also considering Mr. Palmieri's increased expenses.
 {¶ 22} Both parties rely on Kunkle, supra. Mr. Palmieri believes Kunkle supports his view that spousal support should be finite, rather than continue endlessly. However, Mr. Palmieri failed to apply the exceptions specified by that court:
Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities.
Kunkle, paragraph one of the syllabus.
 {¶ 23} In the present case, the parties were married for 35 years, making it a marriage of long duration. Both parties were over 50 at the time of the divorce, and Mrs. Palmieri was a homemaker-spouse who had had little opportunity to develop meaningful employment outside the home. Additionally, Mrs. Palmieri does not have the ability to be self-supporting. Since every exception to the standard has been met, Kunkle has little, if any, application to the instant matter.
 {¶ 24} Mr. Palmieri's first assignment of error is overruled.
 {¶ 25} In his second assignment of error, Mr. Palmieri contends the trial court should have taken into account his retirement, and the concomitant reduction in income, in determining whether there was a change in circumstance warranting a reduction/termination of the spousal support. He argues that, at the time of the divorce, Mrs. Palmieri was awarded the majority of the marital assets with him retaining only his retirement accounts, and it would be unfair to require him to use some of the very assets he was awarded to continue paying the support. Mr. Palmieri contends his retirement should not be considered a voluntary reduction in income.
 {¶ 26} Mrs. Palmieri argues that Mr. Palmieri's retirement was fully considered and taken into account at the time the agreement was made and therefore its occurrence is not a change of circumstances, even with a decrease in income. Mrs. Palmieri asserts Mr. Palmieri's retirement income is actually very similar to his income at the time of the divorce, rather than significantly lower. Furthermore, Mrs. Palmieri contends the marital assets were equally divided at the time of the divorce and Mr. Palmieri is not being penalized by the requirement to pay spousal support.
 {¶ 27} This court has determined that, regardless of whether retirement is or is not considered, there has not been a significant change in circumstances to justify a modification or termination of the spousal support award. We therefore need not specifically determine whether Mr. Palmieri's retirement is a voluntary reduction in income. A determination on the matter would not affect the outcome.
 {¶ 28} We hereby overrule Mr. Palmieri's second assignment of error.
 {¶ 29} Having overruled all of Mr. Palmieri's assignments of error, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
Petree and French, JJ., concur.