[Cite as *Allread v. Allread*, 2012-Ohio-2093.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## DARKE   COUNTY

| | | |
|---|---|---|
| CONNIE ALLREAD | : | |
| | : | Appellate Case No.   2011-CA-14 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 07-DIV-64119 |
| v. | : | |
| | : | |
| CRAIG ALLREAD | : | (Civil Appeal from Common Pleas |
| | : | Court, Domestic Relations) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of May, 2012.

. . . . . . . . . . .

SCOTT D. RUDNICK, Atty. Reg. #0000853, Law Offices of Scott D. Rudnick, 121 West Third Street, Greenville, Ohio 45331
      Attorney for Plaintiff-Appellee

JAY M. LOPEZ, Atty. Reg. #0080819, Lopez, Severt & Pratt Co., L.P.A., 18 East Water Street, Troy, Ohio 45373
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1}     Defendant-appellant, Craig Allread, appeals from an order modifying his

spousal support obligation.

{¶ 2}     We conclude that the order from which this appeal is taken is of no force and effect, because it purports to be a modification of a prior final order, from which no appeal was taken, and that modification was not based upon one of the methods recognized under Ohio law for modification or vacation of a final order or judgment.   Accordingly, this appeal is Dismissed, for lack of a final appealable order.

## I.   Course of Proceedings

{¶ 3}     Craig and Connie Allread were divorced in 2008 following a marriage of more than forty years.   The decree awarded Ms. Allread the sum of $800 per month as spousal support.   In 2009, Mr. Allread filed a motion to reduce the spousal support award, based upon his claim of a change in circumstances.   In support, he contended that his retirement constituted a change in circumstances necessitating a reduction in his support obligation. Following a hearing, the magistrate concluded that Mr. Allread was entitled to a reduction in his support payments.   Ms. Allread filed objections to the magistrate's decision.   Upon review, the trial court sustained the objections and concluded that there had been no change of circumstances that was not contemplated at the time of the divorce.

{¶ 4}     Mr. Allread appealed with this court.   We reversed, concluding that the trial court had erred by making findings of fact without the benefit of being provided a full transcript of the proceedings held before the magistrate.   *Allread v. Allread*, 2nd Dist. Darke No. 2010 CA 6, 2011-Ohio-1271.   In that opinion we stated that "[t]his matter will be remanded to the trial court for it to either adopt the magistrate's decision or to consider all

relevant evidence in reviewing the magistrate's decision." *Id*. at ¶ 33. We further stated that the trial court could, "in its discretion and with proper notice to the parties, take additional evidence, including any evidence relevant to claimed changes in circumstances since the time of its prior judgment." *Id.*

{¶ 5} Upon remand, on April 27, 2011, the trial court entered an order adopting the magistrate's decision that had reduced the spousal support award. The trial court stated that "in the absence of a full transcript, it appears that the Magistrate's decision is reasonable and supported by the law." The decision was designated as a final and appealable order.

{¶ 6} Ms. Allread filed a motion for reconsideration, in which she requested to be allowed to submit a complete transcript of the hearing before the magistrate. The trial court granted the motion and held that "the Judgment Entry filed April 27, 2011 is stayed pending a review of the transcript and decision thereon."

{¶ 7} Following the filing of a full transcript, the trial court entered a decision and entry dated May 25, 2011, in which it concluded that Mr. Allread's retirement did not constitute a change in circumstances, because it was contemplated at the time of the divorce that his retirement was imminent. However, the trial court stated that "due to the passage of time while this case was on appeal, [Ms. Allread] has since passed the age of 62 and therefore become eligible for social security benefits.[1] While she may or may not have made a claim for such benefits, this eligibility was recognized as a change of circumstances which must be considered regarding the propriety of spousal support." The trial court ordered that the

---

[1] We note that the trial court did not hear any additional evidence to establish the actual amount of benefits that Ms. Allread would be entitled to under the Social Security Act.

spousal support order requiring Mr. Allread to pay $800 per month to Ms. Allread would remain in effect until May 31, 2011. Thereafter, the trial court ordered that the spousal support award would terminate. The trial court retained jurisdiction over the issue. This order contained language specifying that it was a final and appealable order.

{¶ 8} On June 3, Ms. Allread filed another motion for reconsideration, in which she argued that her eligibility for social security was not a change in circumstances warranting a reduction or termination of spousal support. The trial court, on June 13, entered an order in which it stated that its May 25 order would "be modified so as to remove the 'Final Appealable Order' language as it is this Court's determination that said Decision and Judgment Entry was not a Final Appealable Order."

{¶ 9} Mr. Allread filed a notice of appeal on June 24, in which he appeals the May 25, 2011 judgment. Ms. Allread filed a motion to dismiss, in which she argued that the May 25 judgment was not a "final judgment from which an appeal can be taken." This court issued a decision and entry on September 28, 2011, in which we stated that "no party utilized any of the vehicles under the Rules of Civil Procedure that would have permitted the trial court to modify its final judgment [of May 25, 2011]. Thus, [Mr. Allread] properly filed his notice of appeal from the May 25, 2011 order." Nothing in our decision and entry of September 28, 2011 indicates that we were aware that the trial court had entered a prior final appealable order, on April 27, 2011, adopting the decision of the magistrate.

**II. The Trial Court's Order of April 27, 2011, Was a Final Appealable Order**

**That Was Not Subject to Reconsideration; Therefore, its Subsequent Orders Purporting**

**to Have Reconsidered the April 27, 2011 Order Are Nullities,**

**and Are Not, Themselves, Final Appealable Orders.**

**{¶ 10}** As a preliminary matter, our review of the record reveals the existence of the April 27, 2011 Final Order, in which the trial court adopted the magistrate's decision of January 7, 2010. That order contained language specifying that it was a final appealable order. No one appealed from that order. Instead, Ms. Allread filed a motion to reconsider that order.

**{¶ 11}** In Ohio, "[o]nce an order has been journalized by a trial court as a final appealable order, that order cannot be modified or vacated except as provided under Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for a new trial), or Civ.R. 60(B) (motion for relief from judgment)." *Krumheuer v. Flowers & Versagi Court Reporters*, 8th Dist. Cuyahoga No. 72431, 1997 WL 691169, *2 (Nov. 6, 1997), citing *In re Guardianship of Maurer*, 108 Ohio App.3d 354, 357, 670 N.E.2d 1030 (6th Dist. 1995); *Pitts v. Dept. of Transp.*, 67 Ohio St.2d 378, 380, 423 N.E.2d 1105 (1981); and Civ.R. 54(A).

**{¶ 12}** As noted, the April 27, 2011 order adopting the decision of the magistrate was journalized as a final, appealable order. The trial court subsequently granted Ms. Allread's motion to reconsider that order – a vehicle not provided for in Ohio law – and overturned the magistrate's decision regarding spousal support. Then the trial court proceeded, without having heard any new evidence, to terminate spousal support based upon the assumption that Ms. Allread's Social Security benefits would negate her need for support. Neither party utilized any of the methods under the Rules of Civil Procedure that would have permitted the trial court to modify its final order of April 27, 2011.

{¶ 13}    Thus, the April 27, 2011 order constituted a final, appealable order from which neither party appealed.   The trial court did not have jurisdiction to reconsider that order.   In other words, the May 25, 2011 order purporting to have modified the April 27, 2011 order, not having been based upon any of the recognized methods for modifying or vacating a final order, was a nullity.   *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 380, 423 N.E.2d 1105 (1981).

{¶ 14}   We conclude that the April 27, 2011, order adopting the decision of the magistrate remains in effect, and that the   May 25, 2011 order purporting to have modified or reconsidered the earlier order is a nullity.   The May 25, 2011 order, from which this appeal is taken, being a nullity, this appeal must be dismissed for lack of a final appealable order. Therefore, we need not consider Mr. Allread's Assignments of Error in support of this appeal.

### III.   Possible Alternative Remedies in the Trial Court

{¶ 15}   The jurisdiction to modify a prior spousal support order on a showing of changed circumstances reserved by the domestic relations court pursuant to R.C. 3105.18(E) is invoked by a motion filed pursuant to Civ. R. 75(J), formerly 75(I).   In *McKinnon v. McKinnon*, 9 Ohio App.3d 220, 459 N.E.2d 590 (10th Dist. 1983), the Tenth District Court of Appeals held that Civ. R. 60(B)(4) is likewise available to vacate an alimony award in a prior decree of divorce.   The court wrote, at 221:

Civ. R. 75(I) states that the continuing jurisdiction of the court shall be invoked by a motion filed in the original action.   While Civ. R. 75(I) is used to seek a change in an order of a domestic relations court on the ground that circumstances have changed since the original

order was entered, there is nothing in Civ. R. 75(I) or any other rule that states, it is an exclusive remedy. In fact, this court has held previously that Civ. R. 60(B) may be used in a domestic relations matter to seek relief from the terms of a property settlement. In the case of *Cochran v. Cochran* (June 30, 1981), Franklin App. No. 80AP-511, unreported, we stated:

"Civ. R. 60(B) is different from the continuing jurisdiction of a court of domestic relations referred to in Civ. R. 75(I). Under the latter, a court of domestic relations may for certain purposes modify a decree because of a change of circumstances justifying a different equitable result. The court has continuing jurisdiction over the issue for this purpose. Civ. R. 60(B) is a procedure for granting relief from a judgment not otherwise modifiable. A change of circumstances standing alone cannot justify relief from judgment, although Civ. R. 60(B)(4) has a similar provision permitting relief from judgment if it is no longer equitable that the judgment have prospective application. Nevertheless, there is nothing in the Civil Rules, or otherwise[,] precluding the application of Civ. R. 60(B) to domestic relations matters. It might well be that the *Wolfe* case (*Wolfe v. Wolfe* [1976], 46 Ohio St.2d 399, 350 N.E.2d 413 [75 O.O.2d 474]) cited by defendants-appellants could have been determined upon the basis of Civ. R. 60(B)(4). However, the *Wolfe* case did not discuss that issue. *Wolfe* did recognize that prior case law permitted modification of domestic relations decrees relative to division of property in cases of fraud or misrepresentation. * * * "

Accordingly, we hold that a court of domestic relations pursuant to Civ. R. 60(B) may vacate a judgment entry or part thereof that grants sustenance alimony if the court finds it is no longer equitable that the judgment ordering sustenance alimony should no longer have [sic] prospective application. Civ. R. 75(I) is not an exclusive remedy for seeking relief from a

divorce decree.

**{¶ 16}** The modification of a spousal support award authorized by R.C. 3105.18(E) requires a finding that a substantial change of circumstances has occurred "that had not been contemplated and taken into account by the parties or by the court at the time of the prior order." *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, 905 N.E.2d 172, ¶ 32. Courts have misconstrued that standard by applying a test of foreseeability: was the particular circumstance one reasonably to be anticipated? The better test is one grounded in the record, and contemplates a finding that the circumstance is not one that "was thoroughly considered at the time of the divorce." *Palmieri v. Palmieri*, 10th Dist. Franklin No. 04AP-1305, 2005-Ohio-4064, ¶ 19. On that basis, a court may reasonably find that a change has occurred in the circumstances existing at the time of the prior order establishing a spousal support obligation. The further issue, then, is whether the change is substantial.

**{¶ 17}** Whether invoked pursuant to Civ. R. 75(J) or 60(B)(4), the court's jurisdiction to review its prior final order requires application of the same statutory standard for spousal support awards: that the award must be "appropriate and reasonable." R.C. 3105.18(C)(1). Per Civ. R. 60(B)(4), the court may vacate a spousal support award that is no longer appropriate and reasonable if the court finds that "it is no longer equitable that the judgment should have prospective application." If, as Mr. Allread claims, Mrs. Allread's annual income now exceeds his by $2,600 before any spousal support is paid, further enforcement of his $800 monthly obligation would appear, absent some other proper consideration, to be no longer equitable.

## IV. Conclusion

{¶ 18}   This appeal is Dismissed, for lack of a final appealable order.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

Copies mailed to:

Scott D. Rudnick
Jay M. Lopez
Hon. Jonathan P. Hein