[Cite as *Papp v. Papp*, 2013-Ohio-506.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

EDWARD L. PAPP                                     :

                                             :        Appellate Case No. 25333

        Plaintiff-Appellant                          :

v.                                                         :        Trial Court Case No. 1994-DR-380

                                               :

MARLENE M. PAPP                                   :

                                             :        (Civil Appeal from Common Pleas

        Defendant-Appellee                         :        Court, Domestic Relations)

                                             :

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of February, 2013.

. . . . . . . . . . .

CHARLES M. BLUE, Atty. Reg. #0074329, Murr, Compton, Claypoole & Macbeth, 401 East
Stroop Road, Kettering, Ohio 45429-2829
      Attorney for Plaintiff-Appellant

DAVID M. McNAMEE, Atty. Reg. #0068582, McNamee Law Office, 42 Woodcroft Trial,
Suite D, Beavercreek, Ohio 45430
      Attorney for Defendant-Appellee

. . . . . . . . . . . .

FAIN, P.J.

{¶ 1}    Plaintiff-appellant Edward Papp appeals from an order denying his motion to

terminate his spousal support obligation. Mr. Papp contends that the trial court abused its

discretion in denying the motion to terminate, because it erred in finding no change in

circumstances.  He further contends that the trial court abused its discretion by failing to recognize that a continued award of spousal support – when his only income consists of his retirement benefits – is precluded by the provision in the divorce decree for the division of property, which awarded him his retirement plan "free and clear" of any claims by Ms. Papp.

{¶ 2}    We conclude that the trial court erred in holding that the only changes in circumstance that could be a basis for terminating spousal support are the death or remarriage of the obligee spouse.  But we conclude that this error is harmless because, on the facts in evidence, there was no change of circumstances justifying the termination of spousal support.  We further conclude that Mr. Papp's income is available to pay spousal support, notwithstanding that his income is derived from an asset that was awarded to him in the division of property provided for in the divorce decree.   Accordingly, the judgment of the trial court is Affirmed.

## I.   The Papps Are Divorced

{¶ 3}    Edward and Marlene Papp were married in 1970.  They were divorced on September 8, 1994.  Of relevance hereto, the parties' separation agreement, incorporated in the divorce decree, reflects that both parties "shall retain their respective retirement accounts free and clear of any claim of the other."   Mr. Papp was ordered to pay spousal support of $500 per month.   The language regarding the spousal support, pertinent hereto, stated:

> Such support shall * * * continue until further Order of Court. * * *
>
> Spousal support payments shall terminate upon the death of either party or the
>
> remarriage of support obligee. * * * Spousal support shall be subject to the

continuing jurisdiction of this court. Each party shall notify the other party in writing of any circumstance which might modify spousal support rights, including any variation over 10% in gross income; failure to do so may result in a modification of spousal support effective with the date of change in circumstances. * * * IT IS FURTHER ORDERED that [Mr. Papp] shall maintain life insurance on his life * * * naming [Ms. Papp] as sole and primary beneficiary. * * * This provision shall remain in effect until all spousal support obligations are satisfied or terminated. * * * [Ms. Papp] shall have a valid claim against [Mr. Papp's] probate estate to the extent that this provision has not been fully obeyed.

## II. Spousal Support

{¶ 4}    In 2000, Ms. Papp moved to increase spousal support which was granted. The court increased Mr. Papp's monthly support obligation to $775. In April, 2011, Mr. Papp moved to terminate his spousal support obligation. Mr. Papp argued that he had retired effective January 1, 2011, and was receiving retirement benefits from his pension plan. He noted that the retirement benefits are his only source of income. He also noted that the divorce decree awarded him his interest in his retirement account free and clear of any claims from Ms. Papp. He argued that payment of spousal support constitutes an improper claim by Ms. Papp upon his retirement account, and that Ms. Papp was not entitled "to any spousal support arising from [his] retirement payments and the same should be terminated."

{¶ 5}    The magistrate denied the motion, concluding that the award of spousal

support was separate from the division of property. The magistrate also found that the reasons justifying the award of support had not changed. The magistrate went on to state:

> More importantly, [Mr. Papp] does not address the simple fact that the spousal support award provides for termination only upon death or remarriage and no other basis is set forth. If the parties had intended for spousal support to terminate upon [Mr. Papp's] retirement, it seems reasonable that they would have said so and documented it in the most important and obvious place. This magistrate also notes that it seems very reasonable for the parties to have (correctly) assumed that at some point [Mr. Papp] would retire but that his retirement would not necessarily change the substantial income disparity in this case (as it indeed has not), and that the reasons justifying spousal support would remain generally applicable.

{¶ 6} The trial court adopted the decision of the magistrate over Mr. Papp's objections, agreeing generally with the magistrate, and adding that there had been no change in circumstances that was not contemplated by the parties. From the order denying his motion to terminate spousal support, Mr. Papp appeals.

**III. Although the Trial Court Erred in Holding that Only The Death of Either Party or Ms. Papp's Remarriage Can Constitute a Change of Circumstances for Purposes of Terminating Spousal Support, that Error Is Harmless, Because the Evidence in this Record Does Not Support a Termination of Spousal Support**

{¶ 7} Mr. Papp's First Assignment of Error is as follows:

THE TRIAL COURT ABUSED ITS DISCRETION BY HOLDING THAT THE RETIREMENT OF PLAINTIFF DID NOT CONSTITUTE A SIGNIFICANT CHANGE IN CIRCUMSTANCES.

{¶ 8}   Mr. Papp argues that the trial court erred in holding that spousal support could only be terminated upon the death of either party or the remarriage of Ms. Papp.

{¶ 9}   The first issue is whether the decree limits the circumstances under which the spousal support obligation can be terminated.   Ms. Papp, the magistrate, and the trial court all focus on the language in the decree stating that the obligation "shall terminate upon the death of either party or the remarriage of [Ms. Papp]," and conclude that death and remarriage constitute the only reasons for termination.   But the decree also provides that the support shall continue "until further order of the Court."

{¶ 10}   We conclude that the proper construction of the divorce decree is that the trial court may terminate or modify the support order upon a change in circumstances, but that the support order will not, in any event, survive Ms. Papp's death or remarriage.

{¶ 11}   The next issue is whether Mr. Papp's retirement constituted a change of circumstances requiring a change in his spousal support obligation.

{¶ 12}   A trial court has the authority to modify spousal support if the court determines that "the circumstances of either party have changed" and that the divorce decree contains a provision authorizing the court to modify the amount or terms of spousal support. R.C. 3105.18(E); *Allread v. Allread,* 2d Dist. Darke No. 2010 CA 6, 2011–Ohio–1271, ¶ 19.

{¶ 13}   A change of circumstances "includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical

expenses." R.C. 3105.18(F). The change of circumstances must be "substantial," and cannot have been contemplated and taken into account by the parties or the court at the time of the original decree. *Mandelbaum v. Mandelbaum,* 121 Ohio St.3d 433, 2009–Ohio–1222, 905 N.E.2d 172, ¶ 32–33. "Courts have misconstrued that standard by applying a test of foreseeability: was the particular circumstance one reasonably to be anticipated? The better test is one grounded in the record, and contemplates a finding that the circumstance is not one that 'was thoroughly considered at the time of the divorce.' " *Allread v. Allread*, 2d Dist. Darke No. 2011-CA-14, 2012-Ohio-2093, ¶ 16 (Citation omitted).

{¶ 14}    If a substantial change in circumstances has occurred, the trial court must examine the existing order in light of the changed circumstances, considering whether spousal support is still appropriate and reasonable and, if so, in what amount. *Norbut v. Norbut,* 2d Dist. Greene No. 2006–CA–112, 2007–Ohio–2966, ¶ 15. When deciding whether the existing order should be modified, a trial court must consider all relevant factors, including those listed in R.C. 3105.18(C). *Id.* The relevant factors include (1) the income of the parties from all sources, (2) the parties' relative earning abilities, (3) the ages and physical, mental, and emotional conditions of the parties, (4) the retirement benefits of the parties, (5) the duration of the marriage, (6) the standard of living established during the marriage, (7) the parties' relative assets and liabilities, and (8) any other factor that is relevant and equitable. *See* R.C. 3105.18(C).

{¶ 15}    Trial courts have broad discretion regarding spousal support orders. *Chepp v. Chepp*, 2d Dist. Clark No. 2008 CA 98, 2009-Ohio-6388, ¶ 5. Accordingly, an appellate court ordinarily will not disturb those orders absent an abuse of discretion. *Id.* A trial court

abuses its discretion when the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 16}  In the decision denying the termination, the magistrate stated that "if the parties had intended for spousal support to terminate upon [Mr. Papp's] retirement, it seems reasonable that they would have said so and documented it in the most important and obvious place." However, it appears that neither the magistrate nor the trial court actually considered whether retirement was a circumstance that was thoroughly considered at the time of the divorce decree.  The pleadings filed indicate that Mr. Papp considered retirement a substantial change while Ms. Papp did not.  This indicates that a question of fact existed with regard to the original decree.  Neither the magistrate nor the trial court held a hearing to take evidence on the matter.  And again, the magistrate and trial court only considered death or remarriage as possible reasons for terminating support.  Thus, we conclude that the trial court erred in this regard.

{¶ 17}  But any error in this regard is harmless.  When support was increased in 2000, Ms. Papp had been diagnosed with multiple sclerosis and had retired on disability.  At that time her income was $52,348, and her monthly expenses were $3,742.  Mr. Papp's income at that time was $81,919, and his monthly expenses were $4,318.

{¶ 18}  At the time of filing the motion to terminate, Mr. Papp's income – consisting of his retirement benefits – was $95,484, and his monthly expenses were $4,255.  Ms. Papp's income was relatively unchanged at $54,453.  Mr. Papp was 64, with no health issues, and Ms. Papp was 62, with serious health issues, as a result of which, she used a wheel chair for mobility.  Ms. Papp's monthly expenses totaled $3,600, while Mr. Papp's were $4,255.

{¶ 19}   The magistrate and trial court found that the "reasons justifying [the original order of spousal support [including income disparity] * * * remain generally applicable."   We agree.   The financial situation of Mr. Papp, the obligor spouse, had improved significantly; the financial situation of Ms. Papp was essentially unchanged.   Obviously, then, these facts do not provide a basis for terminating or reducing spousal support.

{¶ 20}   Mr. Papp's First Assignment of Error is overruled.

**IV.   Spousal Support Is Payable out of Mr. Papp's Income, Even When**

**that Income Is in the Form of Periodic Payments from a Retirement**

**Account that Was Awarded to Him in the Division of Property**

{¶ 21}   Mr. Papp's Second Assignment of Error is as follows:

THE TRIAL COURT ABUSED ITS DISCRETION BY HOLDING THAT AN ASSET PREVIOUSLY DIVIDED BY THE PARTIES, WHICH WAS RETAINED "FREE AND CLEAR" OF ANY CLAIMS OF THE OTHER SPOUSE, MAY BE USED TO FUND SPOUSAL SUPPORT.

{¶ 22}   Mr. Papp argues that since he was awarded his retirement account "free and clear" of any claims by Ms. Papp, the trial court has erroneously given Ms. Papp an interest in his separate property.   We disagree.

{¶ 23}   As noted by the magistrate:

[W]hile an equitable division of property and determination of spousal support are certainly interrelated legal concepts, they are also separate and distinct.   "[A]fter the court determines the division or disbursement of property . . . the court of common pleas may award

reasonable spousal support" after considering a lengthy list of factors (one of which is the retirement benefits of the parties).

**{¶ 24}** In this case, Mr. Papp was awarded his retirement account free and clear of any claims from Ms. Papp. Ms. Papp was not given any interest in the pension plan by any means, including by means of a Qualified Domestic Relations Order. Mr. Papp now receives a substantial income from that retirement account, and that income is properly considered when determining the appropriateness and amount of spousal support. *See*, *Templeton v. Templeton*, 2d Dist. Montgomery No. 18860, 2001 WL 1173340, * 2 (Oct. 5, 2001).

**{¶ 25}** Mr. Papp's Second Assignment of Error is overruled.

## V. Conclusion

**{¶ 26}** Both of Mr. Papp's assignments of error having been overruled, the order of the trial court denying his motion to terminate spousal support, from which this appeal is taken, is Affirmed.

. . . . . . . . . . . .

FROELICH and HALL, JJ., concur.


Copies mailed to:

Charles M. Blue
David M. McNamee
Hon. Denise L. Cross