MANDELBAUM, APPELLEE, *v*. MANDELBAUM, APPELLANT.

[Cite as *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222.]

*Divorce — Modification of spousal support — Continuing jurisdiction — R.C. 3105.18 — Change in circumstances needed to modify support order must be a substantial change.*

(Nos. 2007-2422 and 2008-0375 — Submitted October 14, 2008 — Decided March 24, 2009.)

APPEAL from and CERTIFIED by the Court of Appeals for Montgomery County, No. 21817, 2007-Ohio-6138.

_____

SYLLABUS OF THE COURT

1.  Although R.C. 3105.18(F) sets forth a partial listing of what can be considered as a change of circumstances to include "any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses" for purposes of establishing trial court jurisdiction, it does not alter the requirement that a trial court must find a substantial change in circumstances before modifying a prior order for spousal support.

2.  A trial court lacks jurisdiction to modify a prior order of spousal support unless the decree of the court expressly reserved jurisdiction to make the modification and unless the court finds (1) that a substantial change in circumstances has occurred and (2) that the change was not contemplated at the time of the original decree.

_____

O'DONNELL, J.

{¶ 1} This case is presented on a certified conflict and on Stanley Mandelbaum's appeal from a decision of the Montgomery County Court of

Appeals that reversed an order of the domestic relations court reducing his spousal support payments to his ex-wife, Frances Mandelbaum. The certified question presented in this case is whether a trial court may modify a prior order of spousal support without finding that a substantial change in the circumstances of the parties has occurred and that the parties had not contemplated such a change at the time of the original divorce decree.

{¶ 2} The Second District Court of Appeals held in this case that a trial court errs in failing to consider whether a change in the circumstances of the parties was substantial and not contemplated at the time of the prior order, while the Ninth District Court of Appeals in *Kingsolver v. Kingsolver*, Summit App. No. 21773, 2004-Ohio-3844, relying on amendments to R.C. 3105.18, held that trial courts have jurisdiction to modify an award of spousal support based on "any" change in circumstances rather than a substantial change. Appellate courts across the state are divided on this question.

{¶ 3} After review, we recognize that the amendments to R.C. 3105.18 set forth what may constitute a "change in the circumstances of a party"; but nothing in the history of the amended statute alters longstanding case authority that to warrant modification, the change in circumstances must be a substantial one, not contemplated at the time of the existing award.

{¶ 4} Accordingly, we answer the certified question in the negative and affirm the decision of the Second District Court of Appeals in this case.

**Facts and Procedural History**

{¶ 5} Stanley and Frances Mandelbaum married in 1957. In 1998, Frances filed a complaint seeking a divorce, and Stanley counterclaimed for divorce. The parties negotiated a settlement agreement, and in 2000, the Montgomery County Common Pleas Court, Domestic Relations Division, incorporated the provisions of the settlement agreement on the issues of spousal

support, division of property, and rights to retirement assets into its decree of divorce.

{¶ 6} The decree provided that Stanley would pay Frances spousal support of $18,000 per year, in monthly installments of $1,500. The decree further specified that spousal support would "be subject to the ongoing and continuing jurisdiction of this Court" and that "[e]ither party shall have the right to apply to this Court for the purposes of modifying the spousal support, due to a change in the financial circumstances of either party." In this regard, the settlement agreement provides: "It is the parties' intent that, for the purpose of spousal support, the parties' combined incomes be equalized between the two of them. The parties, in reaching an agreement as to the annual spousal support payment of $18,000.00 per year by Husband to the Wife, have used $60,900.00 of income for the Husband and $25,131.00 of income for the Wife."

{¶ 7} In 2005, Stanley moved to modify his support obligation, asserting that his annual income had decreased from $60,900 to $17,675. A magistrate conducted a hearing on the matter and found that Stanley's gross income had increased to $84,505 and that Frances's gross income had increased to $40,239. The magistrate recommended denying the motion because Stanley had not demonstrated a sufficient change in circumstances to justify modifying the support order pursuant to R.C. 3105.18.

{¶ 8} Stanley filed objections to the magistrate's recommendation, and the trial court, after reviewing the record, determined that his income was $61,876, not $84,505. Finding that the parties had intended to equalize their incomes on an ongoing basis, the court sustained Stanley's objections and reduced his support obligation from $1,500 per month to $925 per month. The court, however, made no finding with respect to whether a substantial change in the parties' circumstances had occurred or whether the parties had contemplated this change at the time of the divorce decree.

**{¶ 9}** Frances appealed the trial court's order, contending that it had abused its discretion by underestimating Stanley's income. Stanley cross-appealed, asserting that the court had entered an incorrect effective date for the reduction in spousal support.

**{¶ 10}** On review, the appellate court reversed the trial court's modification of spousal support, explaining that "the trial court erred in failing to consider, as a threshold matter, whether the changes in the parties' circumstances were substantial and were not contemplated at the time of the prior order. Although the parties reserved jurisdiction in the decree to modify spousal support, R.C. 3105.18(E) also requires a substantial change of circumstances before a spousal support order may be modified." *Mandelbaum v. Mandelbaum*, Montgomery App. No. 21817, 2007-Ohio-6138, ¶ 4. Thus, the court of appeals concluded that the trial court had abused its discretion, sustained two of Frances's assignments of error, and held that her third assignment of error and Stanley's cross-appeal were moot.

**{¶ 11}** The appellate court certified that its ruling was in conflict with decisions of the Fifth, Ninth, and Eleventh Districts in *Tsai v. Tien*, 162 Ohio App.3d 89, 2005-Ohio-3520, 832 N.E.2d 809; *Kingsolver v. Kingsolver*, Summit App. No. 21773, 2004-Ohio-3844; and *Buchal v. Buchal*, Lake App. No. 2005-L-095, 2006-Ohio-3879, respectively. In the conflict cases, the appellate courts had determined that R.C. 3105.18(E) does not require a trial court to find a substantial change in circumstances before modifying an order for spousal support.

**{¶ 12}** We allowed Stanley's discretionary appeal to this court and accepted the certified conflict, directing the parties to brief the following question: "May a trial court modify spousal support under R.C. 3105.18 without finding that: (1) a substantial change in circumstances has occurred; and (2) the change was not contemplated at the time of the original decree?" *Mandelbaum v. Mandelbaum*, 117 Ohio St.3d 1455, 2008-Ohio-1635, 884 N.E.2d 65;

*Mandelbaum v. Mandelbaum*, 117 Ohio St.3d 1457, 2008-Ohio-1635, 884 N.E.2d 66.

{¶ 13} Stanley argues that R.C. 3105.18 does not require the court to find that a substantial change in circumstances has occurred or that the parties did not contemplate such a change at the time of the divorce decree before modifying spousal support. Rather, he contends, R.C. 3105.18 allows any change in the parties' circumstances to justify granting a motion to modify spousal support. Frances did not file a brief in our court and, consequently, did not participate in oral argument.

{¶ 14} This appeal, then, requires us to review R.C. 3105.18 and to clarify the circumstances under which a trial court may modify an existing order of spousal support.

### Modification of a Prior Order for Spousal Support:
### Common-Law Origin

{¶ 15} Our cases have long emphasized that an agreement for spousal support that has been entered in a divorce decree by a trial court is entitled to expectations of finality. For example, in *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 415-416, 75 O.O.2d 474, 350 N.E.2d 413, we traced nearly 100 years of our decisions concerning alimony, including *Olney v. Watts* (1885), 43 Ohio St. 499, 3 N.E. 354, *Law v. Law* (1901), 64 Ohio St. 369, 60 N.E. 560, *Newman v. Newman* (1954), 161 Ohio St. 247, 53 O.O. 135, 118 N.E.2d 649, and *Hunt v. Hunt* (1959), 169 Ohio St. 276, 8 O.O.2d 286, 159 N.E.2d 430, and stated, "All those cases allude to the inviolability of an alimony decree which is formulated by the incorporation of an agreement of the parties."

{¶ 16} Nevertheless, we have also recognized that a prior order of spousal support may be modified in some instances where the circumstances of the parties have changed. Due to the strong interest in finality, however, our decisions have indicated that the change in circumstances must be significant. In *Olney*, 43 Ohio

St. at 508, 3 N.E. 354, for example, we quoted 2 Bishop on Marriage and Divorce (5th Ed.), Section 429, quoting Dr. Stephen Lushington, an authority on English ecclesiastical law, for the proposition that " ' "where there is a *material* alteration of circumstances, a change in the rate of alimony may be made." ' " (Emphasis added.) Similarly, in *Wolfe*, we indicated that modification may be justified "where the economic situation of either or both of the parties *drastically* changes." (Emphasis added.) 46 Ohio St.2d at 419, 75 O.O.2d 474, 350 N.E.2d 413.

{¶ 17} As a result of these and other decisions of this court, Ohio's appellate courts began to hold that a trial court may not modify a prior order for spousal support without finding that a substantial change in circumstances had occurred and that the parties had not contemplated the change at the time of the divorce decree. As the Tenth District Court of Appeals stated in *Leighner v. Leighner* (1986), 33 Ohio App.3d 214, 215, 515 N.E.2d 625, "Where modification of an existing order for the payment of sustenance alimony is requested, the threshold determination is whether the order *can* be modified, which requires a finding of a change in circumstances since the order was entered. The change in circumstances must be substantial and must be such as was not contemplated at the time of the prior order." (Emphasis sic.) See also *Heltzel v. Heltzel* (June 21, 1985), Trumbull App. No. 3473, 1985 WL 10206; *Fowler v. Fowler* (June 27, 1980), Fairfield App. No. 10-CA-80; 18 Ohio Jurisprudence (1972) 594, Divorce and Separation, Section 272; 1 Anderson's Ohio Family Law (1975), Section 27.9.

{¶ 18} Thus, the restriction that a court lacks jurisdiction to modify spousal support without finding a substantial and unforeseen change in circumstances of a party is settled law in Ohio. The legislature has, however, twice amended R.C. 3105.18 on the subject of change in circumstances, once in 1986 and again in 1991.

**1986 Amendments to R.C. 3105.18**

{¶ 19} The Revised Code did not expressly provide for the modification of prior orders for spousal support until May 2, 1986, when the legislature added subsection (D) to R.C. 3105.18, providing:

{¶ 20} "If a continuing order for periodic payments of money as alimony is entered in a divorce or dissolution of marriage action that is determined on or after the effective date of this amendment, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony unless the court determines that the circumstances of either party have changed and unless one of the following applies:

{¶ 21} "(1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically [sic] authorizing the court to modify the amount or terms of alimony;

{¶ 22} "(2) In the case of a dissolution of marriage, the separation agreement that is approved by the court and incorporated into the decree contains a provision specifically [sic] authorizing the court to modify the amount or terms of alimony."  Am.Sub.H.B. No. 358, 141 Ohio Laws, Part II, 3388, 3389.

{¶ 23} Former R.C. 3105.18(D) thus codified the common-law requirement of a change in circumstances, but it also specifically addressed an issue that had been the subject of several decisions by this court.  Significantly, in *Wolfe*, we considered whether a trial court has continuing jurisdiction to modify a prior order of spousal support in the absence of an express reservation of jurisdiction by either the trial court or the parties in their settlement agreement.  We held that "[w]here, upon granting a divorce, a court awards alimony to a wife, pursuant to an agreement of the parties, * * * *reservation of jurisdiction to modify the award will be implied in the decree*."  (Emphasis added.)  46 Ohio St.2d 399, 75 O.O.2d 474, 350 N.E.2d 413, paragraph two of the syllabus.  In a series of

subsequent cases, however, we distinguished and limited *Wolfe*. See *McClain v. McClain* (1984), 15 Ohio St.3d 289, 15 OBR 421, 473 N.E.2d 811; *Colizoli v. Colizoli* (1984), 15 Ohio St.3d 333, 336, 15 OBR 458, 474 N.E.2d 280; *Ressler v. Ressler* (1985), 17 Ohio St.3d 17, 17 OBR 14, 476 N.E.2d 1032.

{¶ 24} As noted by the appellate court here, the legislative history of Am.Sub.H.B. No. 358 reveals that the addition of former R.C. 3105.18(D) was a response to *Wolfe* and subsequent cases. *Mandelbaum*, 2007-Ohio-6138, ¶ 58. While the amendment codified the common-law requirement of a change in circumstances, its foremost purpose was to declare that a trial court lacks jurisdiction to modify the amount or terms of an order of spousal support unless a provision in either the divorce decree or the separation agreement incorporated into the decree of divorce or dissolution specifically authorizes modification.

{¶ 25} With this addition to R.C. 3105.18, the legislature never suggested an intent to alter longstanding case law requiring a *substantial* change in the parties' circumstances. Moreover, courts uniformly continued to apply this requirement after the 1986 amendments. See, e.g., *Shanley v. Shanley* (8th Dist.1989), 46 Ohio App.3d 100, 546 N.E.2d 477 ("Modification of alimony is warranted only when a substantial change in the circumstances of the parties exists"); *Mahan v. Mahan* (June 30, 1988), Franklin App. No. 87AP-834, 1988 WL 70488; *Hurchanik v. Hurchanik* (Dec. 31, 1987), Warren App. No. CA87-05-037, 1987 WL 32775; *Kahn v. Kahn* (2d Dist.1987), 42 Ohio App.3d 61, 68, 536 N.E.2d 678; *Levey v. Levey* (Nov. 25, 1987), Summit App. No. 13166, 1987 WL 25773.

### 1991 Amendments to R.C. 3105.18

{¶ 26} Effective January 1, 1991, the General Assembly again amended R.C. 3105.18, redesignating division (D) as division (E) and adding division (F), at issue here, stating, "For purposes of divisions (D) and (E) of this section, a change in the circumstances of a party includes, but is not limited to, any increase

or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." Am.Sub.H.B. No. 514, 143 Ohio Laws, Part III, 5426, 5457.

{¶ 27} After the effective date of this amendment, many courts continued to require a substantial and unforeseen change in circumstances before modifying a prior order of spousal support. See, e.g., *Tremaine v. Tremaine* (2d Dist.1996), 111 Ohio App.3d 703, 706, 676 N.E.2d 1249; *Trotter v. Trotter* (Apr. 18, 2001), Allen App. No. 1-2000-86, 2001 WL 390066; *Patel v. Patel* (Mar. 23, 1999), Athens App. Nos. 98CA29 and 98CA30, 1999 WL 167608; *Cesa v. Cesa* (Nov. 29, 2001), Coshocton App. No. 01CA12, 2001 WL 1528911. But see *Kucmanic v. Kucmanic* (8th Dist.1997), 119 Ohio App.3d 609, 613, 695 N.E.2d 1205, fn. 1 (stating in dicta that the common-law requirement "preceded the [1991] amendments to R.C. 3105.18(E) and no longer appears valid in view of the statute's failure to mention the word 'substantial' ").

{¶ 28} In *Kingsolver v. Kingsolver*, Summit App. No. 21773, 2004-Ohio-3844, the Ninth District Court of Appeals first held that the 1991 amendments to R.C. 3105.18 eliminated the requirement of a substantial and unforeseen change in circumstances, stating: "[I]f the Ohio legislature envisioned a more restrictive standard for the phrase a 'change of circumstances,' it would have included such terms as 'substantial,' 'drastic,' 'material,' or 'significant' in the 1991 amendments. Instead, however, the legislature chose to use the term 'any,' which refers to changes that have an effect on the economic status of either party." Id. at ¶ 21. The appellate court also noted, "[T]he statutory amendments to R.C. 3105.18 do not require that economic changes be reasonably unforeseeable. We find that such a limitation on the phrase 'change of circumstances' was also, therefore, not contemplated by the Ohio Legislature." Id. at fn. 3.

{¶ 29} We recognize that the 1991 amendments to R.C. 3105.18 did not codify the common-law requirement that a trial court is required to find that a substantial and unforeseen change in circumstances has occurred before

modifying a prior order of spousal support. But the *absence* of language to that effect does not demonstrate that the General Assembly intended to abrogate what had become well-established law. As we stated in *State ex rel. Hunt v. Fronizer* (1907), 77 Ohio St. 7, 16, 82 N.E. 518, "the general assembly will not be presumed to have intended to abrogate a settled rule of the common law unless the language used in a statute clearly supports such intention."

{¶ 30} Furthermore, with the exception of three appellate districts since 2004, courts have consistently applied this common-law requirement for more than 15 years since the 1991 amendments, and the legislature has not responded by further amending R.C. 3105.18.

{¶ 31} Based on the foregoing, we conclude that although R.C. 3105.18(F) sets forth a partial listing of what can be considered as a change of circumstances to include "any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses" for purposes of establishing trial court jurisdiction, it does not alter the requirement that a trial court must find a substantial change in circumstances before modifying a prior order for spousal support. In view of the history of this statute, the legislature's 1991 amendment, adding the phrase "any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses," does not suggest its intent to alter the requirement of a substantial change in circumstances in order to modify a prior order of spousal support. Unlike the 1986 amendment, in which the legislature expressed its intent to alter the *Wolfe* decision, it did not express a similar intent to change the holdings of appellate court decisions adhering to the requirement of a substantial change in circumstances.

{¶ 32} The word "substantial" has been given various meanings by Ohio courts, such as "drastic[]," *Wolfe*, 46 Ohio St.2d at 419, 75 O.O.2d 474, 350 N.E.2d 413, "material," *Cooper v. Cooper*, Clermont App. No. CA2003-05-038, 2004-Ohio-1368, ¶ 17, and "significant," *Palmieri v. Palmieri*, Franklin App. No.

04AP-1305, 2005-Ohio-4064, ¶ 27.  Moreover, the change in circumstances must be one that had not been contemplated and taken into account by the parties or the court at the time of the prior order.

{¶ 33} Accordingly, we answer the certified question in the negative and hold that a trial court lacks jurisdiction to modify a prior order of spousal support unless the decree of the court expressly reserved jurisdiction to make the modification and unless the court finds (1) that a substantial change in circumstances has occurred and (2) that the change was not contemplated at the time of the original decree.

{¶ 34} We therefore affirm the judgment of the appellate court and remand the matter to the trial court for further proceedings consistent with our decision.

Judgment affirmed

and cause remanded.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., concurs in judgment only.

_____

Stone & McNamee Co., L.P.A., and Mark Edward Stone, for appellant.

_____