[Cite as *Tufts v. Tufts*, 2012-Ohio-3445.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss:<br>) | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | | |

SANDRA L. TUFTS

    Appellee

    v.

FREDERICK N. TUFTS

    Appellant

C.A. No.     26133

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     1994-03-0675

DECISION AND JOURNAL ENTRY

Dated: August 1, 2012

---

DICKINSON, Judge.

INTRODUCTION

**{¶1}** Fred and Sandra Tufts divorced in 1995 after 35 years of marriage. They agreed that Mr. Tufts would pay Ms. Tufts $2500 a month in spousal support and that the trial court would retain jurisdiction to modify the amount if there was a change in their circumstances. In 2000, the trial court reduced Mr. Tufts' support obligation to $1600 a month because he had lost his longtime job. In 2008, Mr. Tufts moved to terminate his obligation because he was retiring. The court referred his motion to a magistrate, who recommended that it be denied. Mr. Tufts objected, but the court overruled his objections. On appeal, this Court reversed the trial court's decision and remanded so that the court could apply the Ohio Supreme Court's decision in *Mandelbaum v. Mandelbaum*, 121 Ohio St. 3d 433, 2009-Ohio-1222. *Tufts v. Tufts*, 9th Dist. No. 24871, 2010-Ohio-641, ¶ 12. On remand, the court again denied Mr. Tufts' motion. Mr. Tufts has appealed, arguing that the trial court improperly deviated from this Court's remand

order, failed to consider all of the appropriate factors in determining whether to modify the support award, and improperly refused to reduce his support obligation. We affirm because the trial court correctly applied our remand order, it considered all of the factors under Section 3105.18(C) of the Ohio Revised Code, and it exercised proper discretion when it denied Mr. Tufts' motion to terminate spousal support.

REMAND INSTRUCTIONS

**{¶2}** Mr. Tufts' first assignment of error is that the trial court incorrectly deviated from this Court's remand order. He has argued that, even though this Court remanded the case for the sole purpose of applying *Mandelbaum*, the domestic relations court reexamined his entire motion and denied it for a completely different reason than it had the first time.

**{¶3}** In *Tufts v. Tufts*, 9th Dist. No. 24871, 2010-Ohio-641, this Court explained that, in *Mandelbaum*, the Ohio Supreme Court clarified that "[a] trial court lacks jurisdiction to modify a prior order of spousal support [under Section 3105.18 of the Ohio Revised Code] unless the decree of the court expressly reserved jurisdiction to make the modification and unless the court finds (1) that a substantial change in circumstances has occurred and (2) that the change was not contemplated at the time of the original decree." *Id*. at ¶ 8 (quoting *Mandelbaum v. Mandelbaum*, 121 Ohio St. 3d 433, 2009-Ohio-1222, paragraph two of the syllabus). We also explained that, under *Mandelbaum*, it is only after jurisdiction is established that the trial court may "determine whether the existing support order should be modified in light of the change in circumstances that has occurred." *Id*. Concluding that the domestic relations court had not made "the requisite findings to establish jurisdiction over [Mr. Tufts'] motion to terminate or reduce spousal support," we "reversed" the court's decision and "remanded for further proceedings consistent with this opinion." *Id*. at ¶ 13.

{¶4} On remand, the trial court followed our directive and determined that it had jurisdiction to consider Mr. Tufts' motion to terminate or reduce spousal support. It then analyzed whether modification of the support order was appropriate under the factors set forth in Section 3105.18(C). While the court may have analyzed the issues differently than it had the first time, its first decision on those issues was invalid. *Tufts v. Tufts*, 9th Dist. No. 24871, 2010-Ohio-641, ¶ 11 ("Given that the trial court failed to make such findings to properly establish jurisdiction over this matter, it further erred in proceeding to the second step of the analysis where it determined whether the existing support order should be terminated or reduced."). Accordingly, we conclude that the court did not violate our mandate when it examined whether modification of the support order was appropriate under the factors listed in Section 3105.18(C)(1). Mr. Tufts' first assignment of error is overruled.

## MODFICIATION FACTORS

{¶5} Mr. Tufts' second assignment of error is that the trial court failed to consider all of the spousal-support factors set forth in Section 3105.18(C) of the Ohio Revised Code. Under Section 3105.18(C)(1), "[i]n determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support . . . the court shall consider all of the following factors: (a) [t]he income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code; (b) [t]he relative earning abilities of the parties; (c) [t]he ages and the physical, mental, and emotional conditions of the parties; (d) [t]he retirement benefits of the parties; (e) [t]he duration of the marriage; (f) [t]he extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home; (g) [t]he standard of living of the parties

established during the marriage; (h) [t]he relative extent of education of the parties; (i) [t]he relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; (j) [t]he contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; (k) [t]he time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought; (l) [t]he tax consequences, for each party, of an award of spousal support; (m) [t]he lost income production capacity of either party that resulted from that party's marital responsibilities; [and] (n) [a]ny other factor that the court expressly finds to be relevant and equitable."

{¶6} Mr. Tufts has argued that the trial court failed to consider "[t]he income of the parties, from all sources, including, but not limited to, income derived from property . . ." or "[t]he relative assets and liabilities of the parties . . . ." R.C. 3105.18(C)(1)(a), (i). He has argued that, in determining Ms. Tufts' income, the court failed to consider whether she has or could generate additional income by investing her assets. He has also argued that it failed to consider whether it would be appropriate to make her liquidate more of her assets to cover the gap between her income and expenses. He has further argued that it failed to consider the fact that she did not seek employment in the eleven years since it last modified the support order, even though it found at the time of its previous order that she was capable of working.

{¶7} Mr. Tufts has not directed this Court to any evidence in the record regarding the amount of income that Ms. Tufts generates or could generate from her assets. *See Estate of Parks v. Hodge*, 87 Ohio App. 3d 831, 839 (8th Dist. 1993) ("A court cannot base its decision on

speculation or conjecture . . . ."). Regarding the gap between her income and her expenses, the court noted that Ms. Tufts' income is insufficient to meet her basic living expenses. In his brief, Mr. Tufts admits that, even if Ms. Tufts receives $1600 a month in spousal support, her total income is not enough to cover her living expenses. On the other hand, the court found that Mr. Tufts' income, including the contributions he receives from his new spouse, is sufficient to meet his expenses. Regarding Ms. Tufts' failure to work, Mr. Tufts has not identified any factors under Section 3105.18(C)(1) that required the court to consider the fact that Ms. Tufts did not seek employment after their divorce. Moreover, considering that his motion asked the court to reconsider his spousal support obligation because he and Ms. Tufts had reached retirement age, it was reasonable for the court to focus on their present level of income instead of whether they could have earned more in the past. *See Krone v. Krone*, 9th Dist. No. 25450, 2011-Ohio-3196, ¶ 22 ("A trial court is bound to consider all the factors contained in [Section] 3105.18(C)(1) in awarding spousal support; however, the amount of support remains within the discretion of the trial court.").

{¶8} The domestic relations court specifically identified and discussed each of the Section 3105.18(C)(1) factors in its decision. It exercised proper discretion in deciding to weigh certain economic factors more than others. Mr. Tufts' second assignment of error is overruled.

TRIAL COURT'S JURISDICTION

{¶9} In his third assignment of error, Mr. Tufts has argued that the trial court had jurisdiction to terminate his spousal support obligation. He has also argued that his retirement constituted a change in circumstances for which the court could modify its order. *See* R.C. 3105.18(C). It is unclear why Mr. Tufts has made these arguments because the court determined that it had jurisdiction to modify the support order if the circumstances warranted. It merely

concluded that, under the factors listed in Section 3105.18(C)(1), a modification of the order was not warranted. Mr. Tufts' third assignment of error is overruled.

## ORIGINAL DECISION

{¶10} Mr. Tufts' fourth and fifth assignments of error are that the trial court exercised improper discretion in its original journal entry when it refused to terminate or modify downward its support order. He has argued that the court failed to properly consider all of the factors enumerated in Section 3105.18(C) and failed to analyze the factors it did consider in sufficient detail. His sixth assignment of error is that the court made critical factual errors in its original journal entry regarding the amount of income he had earned in prior years.

{¶11} Mr. Tufts' fourth, fifth, and sixth assignments of error and the arguments he has made regarding each of those assignments of error all relate to the trial court's original decision. When an appellate court reverses a lower court's judgment, however, the judgment is rendered void. *State v. Ziefle*, 11th Dist. No. 2007-Ohio-A-0019, 2007-Ohio-5621, ¶ 8; *see Greene v. Woodland Ave. & W. Side St. R.R. Co.*, 62 Ohio St. 67, 76 (explaining that appellate court's reversal of common pleas court's decision "left the matter standing the same as if no action had been prosecuted[.]"). In *Tufts v. Tufts*, 9th Dist. No. 24871, 2010-Ohio-641, this Court reversed the trial court's original decision and remanded for a new analysis under *Mandelbaum*. Accordingly, Mr. Tufts' fourth, fifth, and sixth assignments of error are moot, and they are overruled on that basis. App. R. 12(A)(1)(c).

## CONCLUSION

{¶12} The trial court had authority to reexamine Mr. Tufts' motion, it considered all of the relevant factors under Section 3105.18(C) of the Ohio Revised Code, and it exercised proper

discretion when it refused to modify its previous support order. The judgment of the Summit County Common Pleas Court, Domestic Relations Division, is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

STEPHEN E. S. DARAY, Attorney at Law, for Appellant.

LESLIE S. GRASKE, Attorney at Law, for Appellee.