[Cite as *Sheffield v. Sheffield* , 2012-Ohio-4607.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98308

---

## DANETTE L. SHEFFIELD

### PLAINTIFF-APPELLEE

vs.

## JAMES G. SHEFFIELD

### DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-317868

**BEFORE:** Celebrezze, P.J., Jones, J., and Cooney, J.

**RELEASED AND JOURNALIZED:** October 4, 2012

**FOR APPELLANT**

James G. Sheffield, pro se
16204 Valleyview Avenue
Cleveland, Ohio   44135


**FOR APPELLEE**

Danette L. Sheffield
26101 Country Club Boulevard
Apt. 229
North Olmsted, Ohio   44070

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel. Defendant-appellant, James G. Sheffield, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, denying his motion to modify spousal support. After careful review of the record and relevant case law, we affirm the judgment of the trial court.

{¶2} Appellant and plaintiff-appellee, Danette L. Sheffield, were married on December 1, 1984, in Cleveland, Ohio. On September 14, 2007, plaintiff filed a complaint for divorce. The parties were divorced pursuant to the Agreed Judgment Entry journalized October 3, 2008. The 2008 Agreed Judgment Entry of divorce ordered appellant to pay $800 per month directly to plaintiff for 48 months from July 1, 2010, to June 1, 2014, as permanent spousal support.

{¶3} On July 14, 2011, plaintiff filed a motion to show cause for nonpayment of support, alleging that appellant owed $20,954 as of June 1, 2011. Several pretrials were held to determine the exact amount of the arrearage and to resolve the contempt issue. On January 19, 2012, appellant filed a motion to modify spousal support. He requested a reduction in the award of spousal support due to a change in circumstances arising from a decrease in his annual income since the time of the parties' divorce. The matter proceeded to trial on January 20, 2012, before a magistrate.

**{¶4}** On February 27, 2012, the magistrate issued its decision finding appellant in contempt for nonpayment of support. The magistrate found that appellant owed arrearages in the amount of $21,287.60 as of December 31, 2011.[1] The magistrate sentenced appellant to 30 days in jail or, in the alterative, to perform not less than 200 hours of community service or until the contempt was purged, whichever occurred first.

**{¶5}** Furthermore, the magistrate denied appellant's motion to modify spousal support, finding that the court was unable to modify the spousal support obligation because the order did not expressly reserve jurisdiction to modify the amount or term of the obligation.

**{¶6}** On March 9, 2012, appellant filed an objection to the magistrate's decision. On April 4, 2012, the trial court overruled appellant's objections and adopted the magistrate's decision without modification.

**{¶7}** Appellant brings this timely appeal, pro se, raising one assignment of error for review.

Law and Analysis

**{¶8}** In his sole assignment of error, appellant argues that the trial court abused its discretion in denying his motion to modify spousal support.

**{¶9}** Initially, we note that appellant states in his appellate brief that he is entitled to relief from the trial court's order under Civ.R. 60(B). However, this issue was not

---

[1] The trial court calculated that $4,587.60 was owed for child support, while $16,700.00 was owed for spousal support.

raised in the trial court, and we cannot consider it in this appeal. *See Easterling v. Ameristate Bancorp, Inc.*, 2d Dist. No. 23980, 2010-Ohio-3340, ¶ 60.  Accordingly, we limit our review to appellant's contention that the trial court erred in failing to consider his inability to pay the spousal support order.

**{¶10}** As a general matter, we review spousal support issues under an abuse of discretion standard.  *See Dunagan v. Dunagan*, 8th Dist. No. 93678, 2010-Ohio-5232, ¶ 12.  An abuse of discretion signifies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶11}** This court has previously stated that "[t]he appropriate remedy, when there is a change in a party's circumstances after a divorce decree, is to file a motion to modify under R.C. 3105.18(E)."  *Hirsh v. Hirsh*, 8th Dist. No. 67977, 1995 Ohio App. LEXIS 5174, at *11 (Nov. 22, 1995).  R.C. 3105.18 governs a trial court's authority to terminate or modify a spousal support order. In order for a trial court to modify the amount or terms of spousal support, the court must have jurisdiction to make the modification, as provided in R.C. 3105.18(E).  *Calabrese v. Calabrese*, 8th Dist. No. 88520, 2007-Ohio-2760, ¶ 19. R.C. 3105.18(E) provides in pertinent part:

> (E) * * *  the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of  the following applies:
>
> (1)  In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a

provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.

{¶12} In the seminal case of *Mandelbaum v. Mandelbaum*, the Ohio Supreme Court clarified that

> a trial court lacks jurisdiction to modify a prior order of spousal support unless the decree of the court expressly reserved jurisdiction to make the modification and unless the court finds (1) that a substantial change in circumstances has occurred and (2) that the change was not contemplated at the time of the original decree.

121 Ohio St.3d 433, 2009-Ohio-1222, 905 N.E.2d 172, paragraph two of the syllabus. Thus, pursuant to *Mandelbaum*, it is only after jurisdiction is established that the trial court may examine whether the existing support order should be modified in light of the change in circumstances that has occurred. *Tufts v. Tufts*, 9th Dist. No. 24871, 2010-Ohio-641.

{¶13} In the present case, appellant's four-year spousal support obligation was designated as "permanent," and the provision did not reserve jurisdiction for modification. Absent such a reservation, R.C. 3105.18(E)(1) deprives the trial court of jurisdiction to hear appellant's motion to modify spousal support. *McLaughlin v. McLaughlin*, 4th Dist. No. 00CA14, 2001-Ohio-2450. Accordingly, we conclude that the trial court correctly found that it lacked jurisdiction to modify spousal support in this matter.

{¶14} Appellant's sole assignment of error is overruled.

{¶15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

LARRY A. JONES, SR., J., and
COLLEEN CONWAY COONEY, J., CONCUR