[Cite as *Ritzinger v. Ritzinger*, 2012-Ohio-5052.]

STATE OF OHIO ) IN THE COURT OF APPEALS
 )ss: NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

| | |
|---|---|
| DEBORAH RITZINGER | C.A. No. 26328 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| GREGORY RITZINGER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 2005-08-2904 |

DECISION AND JOURNAL ENTRY

Dated: October 31, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1} When Gregory and Deborah Ritzinger divorced, the court ordered Mr. Ritzinger to pay child and spousal support. After Ms. Ritzinger began living with another man, Mr. Ritzinger moved the trial court to decrease or terminate his spousal support obligation. Ms. Ritzinger then moved for an increase in spousal and child support. Following an evidentiary hearing, a magistrate ordered the spousal support obligation to remain the same, but increased child support. In ruling on Mr. Ritzinger's objections, the trial court denied the requested changes in spousal support and denied the requested increase in the amount of child support. Mr. Ritzinger appealed. This Court affirms because the trial court properly exercised discretion in weighing the parties' increased income disparity more heavily than the contribution to living expenses that Ms. Ritzinger receives from her boyfriend, by considering the parties' income at the time of the hearing as opposed to the date of the initial motion to modify spousal support, and

by modifying the parties' obligations regarding uninsured medical expenses for the minor child without increasing the monthly child support obligation. Further, the trial court undertook an independent review of the matters to which Mr. Ritzinger had objected and, assuming without deciding that the trial court's determination regarding a substantial change in circumstances was wrong, it was harmless error.

## BACKGROUND

{¶2} After nearly 25 years of marriage and three children together, the Ritzingers divorced in June 2007. At that time, the trial court adopted a proposed shared parenting plan designating Ms. Ritzinger's residence as the primary residence of the two minor children for school purposes. It also projected Ms. Ritzinger's income to be just over $36,500 per year while it projected Mr. Ritzinger's income to be $108,000. Mr. Ritzinger was ordered to pay child support and spousal support. The trial court provided that spousal support would terminate if Ms. Ritzinger remarried or if either party died. The order did not include a provision that spousal support would terminate if Ms. Ritzinger cohabitated with another person. The court reserved jurisdiction to modify spousal support.

{¶3} In August 2009, Mr. Ritzinger moved the trial court to terminate or modify spousal support based on a change in circumstances. Mr. Ritzinger argued that, because Ms. Ritzinger had begun to share household expenses with a live-in boyfriend, the spousal support order should be decreased or terminated. Ms. Ritzinger opposed the motion and moved for an increase in both child and spousal support. A magistrate held evidentiary hearings in March, May, and June 2010 before filing a decision on July 1, 2010. The magistrate denied the motions to modify spousal support, but recommended an increase in child support. Mr. Ritzinger filed objections to the magistrate's decision. The trial court entered judgment on those objections on

February 14, 2012. It determined that a substantial increase in Mr. Ritzinger's income created a substantial change in circumstances, but further determined that, because Ms. Ritzinger and Brian Yelling had already formed a domestic partnership at the time the divorce was granted, her cohabitation with him was not a substantial change in circumstances. The trial court ordered no change in spousal support or the monthly obligation for child support, but awarded Mr. Ritzinger the tax exemption for the only remaining minor child and ordered him to pay 70% of the child's uninsured medical expenses.

CHANGE IN CIRCUMSTANCES

{¶4} Mr. Ritzinger's second and third assignments of error are that the trial court incorrectly determined that there was no change in circumstances because Ms. Ritzinger had established a domestic partnership with Mr. Yelling by the time the divorce decree was issued. Although the trial court found a significant change in circumstances based on other evidence, Mr. Ritzinger has argued that the trial court incorrectly determined that Ms. Ritzinger's cohabitation with Mr. Yelling was not a substantial change in circumstances not contemplated at the time of the divorce.

{¶5} Modification of spousal support "requires a two-step analysis[.]" *Tufts v. Tufts*, 9th Dist. No. 24871, 2010-Ohio-641, ¶ 8 (citing *Malizia v. Malizia*, 9th Dist. No. 22565, 2005-Ohio-5186, ¶ 8). "The first step is jurisdictional and requires the trial court to determine whether the original divorce decree provided continuing jurisdiction to modify the spousal support award, and if so, whether the circumstances of either party have changed." *Id.* (citing *Malizia*, 2005-Ohio-5186, at ¶ 8; R.C. 3105.18(E)). "[T]he Ohio Supreme Court has clarified that '[a] trial court lacks jurisdiction to modify a prior order of spousal support unless the decree of the court expressly reserved jurisdiction to make the modification and unless the court finds (1) that a

*substantial* change in circumstances has occurred and (2) that the change was not contemplated at the time of the original decree.'" *Id.* (quoting *Mandelbaum v. Mandelbaum*, 121 Ohio St. 3d 433, 2009-Ohio-1222, paragraph two of the syllabus). Once jurisdiction is established, the second step of the analysis requires the trial court to consider the factors set forth in Section 3105.18(C)(1) of the Ohio Revised Code to determine whether the existing support order should be modified in light of the change in circumstances. *Id.*

{¶6} In this case, the trial court determined that it had jurisdiction to consider a modification of the spousal support order because there was "at least one substantial change of circumstance not contemplated at the time of the divorce[.]" That is, the trial court determined that Mr. Ritzinger's annual income had increased by almost $20,000. The court also determined that Ms. Ritzinger's income had decreased by the same amount "[o]ver the pendency of the motions to modify[.]" The court determined that Ms. Ritzinger's cohabitation with Mr. Yelling did not constitute a substantial change in circumstances not contemplated at the time of the divorce because Ms. Ritzinger had already established a "domestic partnership" with Mr. Yelling by the time the trial court issued the divorce decree.

{¶7} Mr. Ritzinger has not argued that the trial court incorrectly determined that it had jurisdiction to modify spousal support. Nor has he argued that the trial court incorrectly found an increase of $40,000 in the income disparity between the parties or that the trial court incorrectly found that the increased disparity was a substantial change not contemplated at the time of the divorce. His argument is that the trial court should have determined that Ms. Ritzinger's cohabitation with Mr. Yelling was a change in circumstances. Assuming that the trial court incorrectly determined that Ms. Ritzinger's cohabitation was not a substantial change in circumstances not contemplated at the time of the divorce, Mr. Ritzinger has not explained

how the error affected his substantial rights. The trial court determined that it had jurisdiction to consider the parties' competing motions to modify the spousal support order and, in analyzing whether to modify the obligation, took into consideration the financial benefits Ms. Ritzinger receives by sharing household expenses with Mr. Yelling. This Court must "disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Civ. R. 61. Mr. Ritzinger's second and third assignments of error are overruled.

## INCOME EVIDENCE

{¶8} Mr. Ritzinger's fourth assignment of error is that the trial court incorrectly considered the parties' income at the time of the hearing as opposed to the date he moved the trial court to modify spousal support. His argument is focused on excluding from the court's consideration events that affected Ms. Ritzinger's income that occurred while his motion to reduce or terminate spousal support was pending.

{¶9} On August 4, 2009, Mr. Ritzinger moved the trial court to terminate or modify spousal support, arguing that Ms. Ritzinger was cohabitating with a man to whom she may be married and her income had increased since the divorce decree was issued. On September 16, 2009, Ms. Ritzinger moved the trial court to increase the amount of both spousal and child support and to find Mr. Ritzinger in contempt for failure to pay uninsured medical expenses. On November 25, 2009, Ms. Ritzinger filed a supplemental motion to increase spousal support because she had lost two part-time jobs: one via lay off and the other by losing an election. On December 1, 2009, and May 13, 2010, Ms. Ritzinger again moved to modify spousal support.

{¶10} Mr. Ritzinger has argued that the trial court should have considered the evidence relevant to the statutory factors for modification of spousal support as of August 2009, when he moved to modify spousal support, as opposed to the conditions that prevailed after Ms. Ritzinger

lost the election in November 2009 and was laid off from various part-time jobs in late 2009 and early 2010. He has cited *Berthelot v. Berthelot*, 154 Ohio App. 3d 101, 2003-Ohio-4519, ¶ 10 (9th Dist.), for the proposition that a trial court is limited to determining child support based on the circumstances existing at the time motions to modify are filed. This Court's statement to that effect in *Berthelot* was based on an interpretation of a statute that applied to calculation of child support not spousal support. *See* R.C. 3113.21.5, repealed. Further, *Berthelot* does not stand for the proposition that the evidence should be analyzed in terms of the first motion to modify as opposed to the circumstances prevailing at the time that subsequent motions to modify are filed. Mr. Ritzinger moved to modify spousal support in August 2009, but Ms. Ritzinger moved to modify it as late as May 2010, after she had lost each of the part-time jobs she had held when Mr. Ritzinger moved to modify and another job she had held after that time.

{¶11} Mr. Ritzinger cited *Mustard v. Mustard*, 12th Dist. Nos. CA2009-06-078, CA2009-09-118, 2010-Ohio-2175, ¶ 3, for the proposition that a trial court normally makes a spousal support modification retroactive to the date of the motion, implying that, for that reason, the court should not consider any circumstances occurring after the motion is filed. Although retroactive modification of spousal support "is the better practice in most cases[,]" it is not a requirement. *Davis v. Davis*, 9th Dist. No. 10CA0018, 2011-Ohio-2322, ¶ 24 (quoting *Bowen v. Bowen*, 132 Ohio App. 3d 616, 640 (9th Dist. 1999)). In this case, the trial court denied both parties' motions for modification of spousal support after analyzing the statutory factors in light of the fact that Mr. Ritzinger's income had substantially increased and Ms. Ritzinger's income had substantially decreased since the divorce decree was issued. Ms. Ritzinger filed motions to modify spousal support after losing each of the two part-time jobs she had in August 2009 when Mr. Ritzinger filed his motion to modify, and again after she lost another part-time job that she

had not started until January 2010. By the time of the final day of hearing on the motions, Ms. Ritzinger had obtained a new part-time job, and the trial court considered her income from that new position and her ability to generate income when analyzing the statutory factors for modification of spousal support. The trial court properly exercised discretion in this matter by considering the evidence of circumstances that developed after Mr. Ritzinger moved for modification of spousal support. Mr. Ritzinger's fourth assignment of error is overruled.

## MODIFICATION OF SPOUSAL SUPPORT

{¶12} Mr. Ritzinger's first assignment of error is that the trial court incorrectly failed to reduce his spousal support obligation in light of evidence that Ms. Ritzinger's financial condition had changed significantly since she began living with her boyfriend. Mr. Ritzinger has argued that it is inequitable for spousal support purposes to value Mr. Yelling's financial contribution to Ms. Ritzinger's household at $1880 per year.

{¶13} Under Section 3105.18(C)(1), "[i]n determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, . . . the court shall consider all of the [14] factors [listed in the statute]." The list of factors includes each party's income from all sources, relative earning abilities, relative extent of education, and "[a]ny other factor that the court expressly finds to be relevant and equitable." R.C. 3105.18(C)(1)(a), (b), (h), (n).

{¶14} According to the divorce decree, if Ms. Ritzinger legally marries someone else, Mr. Ritzinger's spousal support order will terminate. Ms. Ritzinger testified that, although she had not married Mr. Yelling, they live together and share household expenses. Although Mr. Ritzinger attempted to prove that Ms. Ritzinger had married Mr. Yelling, the trial court determined that without evidence of a marriage license and legal ceremony, he failed to do so.

Unlike with the child support statute, a trial court considering a modification of spousal support is not directed to consider "[b]enefits that either [party] receives from . . . sharing living expenses with another person." R.C. 3119.23(H); compare R.C. 3105.18(C). For spousal support purposes, a court is directed to consider "[a]ny other factor" that it "expressly finds to be relevant and equitable." R.C. 3105.18(C)(1)(n).

{¶15} In contemplating the parties' motions to modify the spousal support order, the trial court considered the benefit Ms. Ritzinger receives from sharing household expenses with Mr. Yelling. It addressed each of the 14 statutory factors for modification of spousal support in its entry. In regard to Section 3105.18(C)(1)(n), directing the court to consider "[a]ny other factor," the court wrote that "[Ms. Ritzinger] has contribution for her living expenses from Brian Yelling." In regard to the spousal support issue, the trial court did not assign a number to Mr. Yelling's contribution, but did note that Ms. Ritzinger testified that she pays two-thirds of the household expenses because they live with her two sons. The court also noted that Mr. Ritzinger earns $127,000 annually while Ms. Ritzinger earns $10,400, but is "capable of earning at least $15,184.00 per year." In comparison, at the time of the divorce decree, Mr. Ritzinger made $108,000 annually and Ms. Ritzinger made over $36,500. The trial court determined that the magistrate's decision to deny both the requested increase and decrease in spousal support was appropriate "[g]iven the increase in [Mr. Ritzinger's] income, the decrease in [Ms. Ritzinger's] income, and the contribution that [Ms. Ritzinger] receives toward living expenses from her paramour[.]" The trial court considered each of the 14 factors identified in Section 3105.18(C)(1) of the Ohio Revised Code. It properly exercised discretion in weighing the parties' widening income disparity more heavily than the contribution to living expenses that Ms.

Ritzinger receives from her boyfriend. *See Tufts v. Tufts*, 9th Dist. No. 26133, 2012-Ohio-3445, ¶ 7. Mr. Ritzinger's first assignment of error is overruled.

MODIFICATION OF CHILD SUPPORT

{¶16} Mr. Ritzinger's sixth assignment of error is that the trial court incorrectly modified the parties' responsibilities for uninsured healthcare expenses for their minor child without modifying child support. Although the trial court did not increase Mr. Ritzinger's monthly child support obligation as Ms. Ritzinger had requested, it reallocated the uninsured healthcare expenses for their minor child from 50% to each party to 70% to Mr. Ritzinger and 30% to Ms. Ritzinger. The court also ordered that Mr. Ritzinger would be permitted to claim the tax dependency exemption for the sole remaining minor child as opposed to alternating years with Ms. Ritzinger as the original decree had provided.

{¶17} Mr. Ritzinger bears the burden on appeal of developing his arguments and citing appropriate authority for his propositions of law. App. R. 16(A)(7). He has not developed any argument in support of this assignment of error nor has he cited any authority for the proposition that the trial court erred. He has not offered any argument to support the proposition that a trial court cannot correctly modify the parties' responsibilities for a minor child's uninsured healthcare expenses without modifying the amount of the child support obligation. He has made several unsupported statements about the process the trial court used to reach its decision, but none of them, even if proven, support the proposition stated in his assignment of error.

{¶18} The trial court's analysis revealed that the child support worksheet dictated an increase in the child support obligation, but the trial court analyzed the statutory factors and granted a downward deviation based on the benefits Ms. Ritzinger receives by sharing living expenses with her boyfriend. On that basis, the trial court denied Ms. Ritzinger's request for an

increase in the monthly child support obligation, but the court did reallocate the uninsured medical expenses and the tax benefit for the minor child. The trial court properly exercised discretion by modifying the obligations for uninsured medical expenses for the minor child without increasing the monthly child support obligation. Mr. Ritzinger's sixth assignment of error is overruled.

## TRIAL COURT'S STANDARD OF REVIEW

{¶19} Mr. Ritzinger's fifth assignment of error is that the trial court incorrectly deferred to the magistrate's findings of fact and conclusions of law. Under Rule 53(D)(4)(d) of the Ohio Rules of Civil Procedure, "[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." "In the course of this review, a trial court should not adopt the magistrate's report as a matter of course, but should 'carefully examine' the report and the evidence before the magistrate." *Smith v. McLaughlin*, 9th Dist. No. 24890, 2010-Ohio-2739, ¶ 63 (quoting *Tabatabai v. Tabatabai*, 9th Dist. No. 08CA0049-M, 2009-Ohio-3139, at ¶ 14).

{¶20} Mr. Ritzinger has argued that the trial court failed to undertake its own independent review of the matters to which he had objected because the trial court wrote that it had determined that "findings of fact one through nine . . . are all supported by the totality of the record, and constitute neither an error of law nor an abuse of discretion." The trial court's incorrect use of the term "abuse of discretion" does not determine whether it incorrectly deferred to the magistrate as opposed to conducting its own independent review as required by the civil rules.

{¶21} In this case, the trial court quoted 12 findings from the magistrate's decision before discussing them. The court determined that, based on the record, most of the findings of fact were correct, but determined that the magistrate had incorrectly stated Mr. Ritzinger's cost for providing health care for the minor child. It then reviewed the basis for Mr. Ritzinger's original motion to modify spousal support and the evidence regarding whether Ms. Ritzinger is married or cohabitating with Mr. Yelling. The court then explained its basis for determining that it had jurisdiction to consider the pending motions to modify spousal and child support.

{¶22} After a thorough review of the evidence relevant to the factors found in Section 3105.18(C)(1) of the Ohio Revised Code, the trial court determined that it agreed with the magistrate's decision to deny both the requested increase and decrease in spousal support. The court went on to explain why the magistrate's decision to increase child support was incorrect. In addition to the error the court found with respect to the cost of providing health insurance, the court also determined that Ms. Ritzinger was voluntarily under-employed and imputed to her the income of a full-time minimum wage position. Thus, despite the trial court's incorrect reference to an "abuse of discretion," the trial court's entry demonstrates that the court undertook an independent review of the matters to which Mr. Ritzinger had objected. His fifth assignment of error is overruled.

CONCLUSION

{¶23} Mr. Ritzinger's first assignment of error is overruled because the trial court properly exercised discretion in weighing the parties' income disparity more heavily than the contribution to living expenses that Ms. Ritzinger receives from her boyfriend. Mr. Ritzinger's second and third assignments of error are overruled because, assuming that the trial court incorrectly determined that Ms. Ritzinger's cohabitation with Mr. Yelling is not a substantial

change in circumstances, the error was harmless. His fourth assignment of error is overruled because the trial court properly exercised discretion by considering the parties' income at the time of the hearing as opposed to on the date Mr. Ritzinger moved to modify spousal support. His fifth assignment of error is overruled because, despite the trial court's incorrect reference to an "abuse of discretion," the trial court's entry demonstrates that it undertook an independent review of the matters to which Mr. Ritzinger objected. His sixth assignment of error is overruled because the trial court properly exercised discretion by modifying the obligations and benefits regarding uninsured medical expenses for the minor child without increasing the monthly child support obligation. The judgment of the Domestic Relations Division of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

MELISSA GRAHAM-HURD, Attorney at Law, for Appellant.

RANDAL A. LOWRY, Attorney at Law, for Appellee.