[Cite as *Haas v. Haas*, 2012-Ohio-5649.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| CAROLYN M. HAAS | | C.A. No.    26305 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID G. HAAS, D.D.S. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.    1989-08-1917 |

DECISION AND JOURNAL ENTRY

Dated: December 5, 2012

---

BELFANCE, Judge.

{¶1}    Appellant David Haas, D.D.S., appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which overruled his objections to the magistrate's decision and entered judgment accordingly. For the reasons set forth below, we reverse.

I.

{¶2}    This Court previously summarized portions of the history of this matter in *Haas v. Haas*, 9th Dist. No. 15239, 1992 WL 103738, *1 (May 13, 1992):

Dr. Haas * * * and Carolyn Haas * * * were married on June 2, 1962, while [Dr. Haas] was working on his dentistry degree. During part of his schooling, [Ms. Haas] worked as a nurse. [Dr. Haas] received his degree in dentistry in 1964 and his certification in orthodontia in 1968. They then moved to Akron, where [Dr. Haas] established a professional corporation known as David G. Haas, D.D.S., Inc. [Ms. Haas] was responsible for caring for their three children. All three children are now emancipated * * * .

[Ms. Haas] began working for the orthodontic practice in 1976 as a receptionist and communications consultant. She also attended seminars and conferences with

[Dr. Haas] to learn how to improve the business. She worked for the practice for twelve years.

In May 1989, [Dr. Haas] told [Ms. Haas] that he no longer wanted to be married to her. After [Dr. Haas] and [Ms. Haas] attempted marital counseling for almost three months, [Ms. Haas] filed for a legal separation on August 18, 1989. [Dr. Haas] filed an answer and counterclaim, requesting that the court grant a divorce. After a trial, the court granted the parties a divorce and equally divided the value of all marital property, which included the orthodontic practice. The court also awarded [Ms. Haas] $2500 per month in spousal support.

{¶3} This Court affirmed the trial court's judgment with respect to the divorce decree.

*Id.* at *3. Subsequently, Dr. Haas filed a motion to modify spousal support, which was granted, and spousal support was reduced to $1700 per month.

{¶4} On September 30, 2010, Ms. Haas filed a motion to modify spousal support, seeking an increase in the award. On January 14, 2011, Dr. Haas filed a motion to terminate spousal support. The matter was heard by a magistrate who filed a decision increasing the award of spousal support to $2500. Dr. Haas filed objections. The trial court overruled Dr. Haas' objections and awarded Ms. Haas $2500 per month in spousal support. Dr. Haas has appealed, raising a single assignment of error for our review.

II.

RAISING THE APPELLANT'S MONTHLY SPOUSAL SUPPORT OBLIGATION TO THE APPELLEE IS AN ABUSE OF DISCRETION AND CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶5} Dr. Haas asserts that the trial court abused its discretion in increasing Ms. Haas' award of spousal support to $2500 and that its judgment is against the manifest weight of the evidence. We agree, although for reasons other than those articulated by Dr. Haas.

A trial court lacks jurisdiction to modify a prior order of spousal support unless the decree of the court expressly reserved jurisdiction to make the modification and unless the court finds (1) that a substantial change in circumstances has occurred and (2) that the change was not contemplated at the time of the original decree.

*Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, paragraph two of the syllabus.

{¶6} In the instant matter, while the divorce decree did expressly reserve jurisdiction to modify spousal support and the trial court found that a substantial change of circumstances had occurred, the trial court failed to conclude that the change was not contemplated at the time of the prior order. Instead, the trial court concluded that "[t]he issue of whether the changes were contemplated by the parties is not relevant where the parties[] did not enter into a separation agreement." We see no indication in *Mandelbaum* that the Supreme Court intended that its holding would apply only to situations involving settlement agreements. *See id.* at ¶ 32 ("Moreover, the change in circumstances must be one that had not been contemplated and taken into account by the parties *or the court* at the time of the prior order.") (Emphasis added.).

{¶7} Accordingly, because the trial court failed to make the requisite findings necessary to establish its jurisdiction over the matter as contemplated by *Mandelbaum*, the trial court erred in proceeding to determine that the existing support order should be modified. *See Mandelbaum* at paragraph two of the syllabus; *Tufts v. Tufts*, 9th Dist. No. 24871, 2010-Ohio-641, ¶ 11; *Johns v. Johns,* 9th Dist. No. 24704, 2009-Ohio-5798, ¶ 9-10. We take no position on the propriety of the amount of the spousal support award. Dr. Haas' assignment of error is sustained, and the matter is remanded for proceedings consistent with this opinion.

III.

{¶8} In light of the foregoing, we reverse the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, and remand the matter for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.


EVE V. BELFANCE
FOR THE COURT


MOORE, P.J.
DICKINSON, J.
CONCUR.


APPEARANCES:

HANK F. MEYER, Attorney at Law, for Appellant.

STEVEN B. BERANEK, Attorney at Law, for Appellee.