[Cite as *Brendamour v. Brendamour*, 2012-Ohio-1825.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| DAVID ANDREW BRENDAMOUR, | : | APPEAL NO. C-110391 |
| | | TRIAL NO. DR-0800460 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| SANDRA ANN BRENDAMOUR, | : | |
| | | |
| Defendant-Appellant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  April 27, 2012

*Cohen, Todd, Kite, & Stanford, LLC, Jeffrey M. Rollman,* for Plaintiff-Appellee,

*Louis A. D'Amico,* for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}    Defendant-appellant Sandra Ann Brendamour ("Sandra") claims that the trial court erred when it reduced the amount of the spousal support order issued within the parties' divorce decree.  We agree.

### Failure to Show Unanticipated Change
### in Circumstances

{¶2}    In her first assignment of error, Sandra claims that the trial court erred because plaintiff-appellee David Andrew Brendamour ("David") failed to show that there had been a change in circumstances sufficient to warrant modification of the support order.

{¶3}    In order to modify a spousal support order, the trial court must find (1) that a substantial change in circumstances has occurred and (2) that the change was not contemplated at the time of the original decree.  *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, 905 N.E.2d 172, ¶ 33.  The requirement that the moving party demonstrate an unanticipated change of circumstances is a jurisdictional threshold that must be established before the trial court can entertain the merits of the motion.  *Id.*  The moving party has the burden to establish that this jurisdictional requirement has been met.  *Burkart v. Burkart*, 191 Ohio App.3d 169, 2010-Ohio-5363, 945 N.E.2d 557, ¶ 14.

{¶4}    In its findings of fact, the trial court reached the conclusion that plaintiff-appellee David had

> demonstrated a substantial change of circumstances that could not
> have been contemplated and taken into account by the parties at the
> time of the prior order.  Plaintiff/Husband had been kept unaware of

his actual income as a result of Defendant/Wife's failure to release his business and accounting records.

{¶5}    The divorce decree in this case was entered on November 19, 2009. David filed his motion to modify spousal support only 63 days later, on January 21, 2010.  The hearing before the magistrate was conducted over several days.  During the hearing, David's accountant testified that the gross income of David's business during 2006, 2007, and 2008 was down about 46 percent, which he characterized as trending "downward pretty substantially."  The accountant also testified that the net income for the business was down 68 percent.  He also testified that, when he received David's income information for 2009, the information was "generally consistent" with the information contained in the 2006, 2007, and 2008 income tax returns.

{¶6}    When David testified, he agreed with the accountant's testimony regarding his income during the 2006 to 2009 period.  During the 2008 to 2009 period, he testified that his expenses went up only slightly.  While his income declined during the 2006 to 2009 period, his number of billable hours remained consistent. He additionally testified that his company was suffering from increased competition from firms in India, which were not a factor in 2006.

{¶7}    A review of the documents presented during the hearing paints a similar picture of a steady decline in David's business income.  The net income for David's business was $320,920 in 2006, $256,867 in 2007, $162,411 in 2008, and $113,440 in 2009.  David's adjusted gross income, as reported on his tax returns was $326,847 in 2006, $314,143 in 2007, $194,201 in 2008, and $75,724 in 2009.

{¶8}     David presented significant evidence that his income had been steadily declining from 2006 until the end of 2009.  But he presented no evidence that there was an uncontemplated change in circumstances during the 63 day period between when the decree was entered and when he filed his motion to modify the support order.  While there was some testimony that Sandra had retained some business records that prevented him from knowing his complete financial picture, David was never very clear as to how this specifically affected his ability to project his income for 2009.  Further, David seemed to indicate during the hearing that the documents had never been delivered to him.  But he was able to file his 2008 income tax return on October 15, 2009—a month *before* the decree was entered, and his 2009 return on March 27, 2010.

{¶9}     Most significantly, David presented no evidence regarding what the parties had considered when they entered into the agreement that resulted in the divorce decree in this case.  While we may have been able to infer what that might have been from the record, the record demonstrates only a consistent decline over the last few years before the parties' divorce.   Even the testimony about competition from Indian firms only related to what had changed since 2006, not since the time of the decree.

{¶10}    Since the touchstone of the trial court's jurisdictional analysis is what the parties had contemplated at the time of the original decree, David failed to meet his burden to show that there had been a change in circumstances that the parties had not contemplated at that time.

{¶11}    We will only reverse a decision to modify a spousal support order if we find that the trial court abused its discretion in doing so.  *Booth v. Booth*, 44 Ohio

4

St.3d 142, 144, 541 N.E.2d 1028 (1989). But in this case, the record is devoid of any indication that David's knowledge of his declining income had so drastically changed in the two months between the filing of the decree and motion that it demonstrates that the parties had not contemplated it at the time of their divorce. *See Burkart, supra* (trial court improperly finds an uncontemplated change in circumstances when husband fails to show that that he was unaware that his income would substantially decrease and the record demonstrates that he anticipated earning less). We sustain Sandra's first assignment of error.

### Remaining Assignments of Error Moot

{¶12}   In her second assignment of error, Sandra claims that the trial court erred when it determined that she had withheld financial records from David. In her third assignment of error, Sandra argues that the trial court erred when it failed to make an independent review of the record before ruling on the objections to the magistrate's decision. In light of our resolution of the first assignment of error, Sandra's remaining arguments are moot. We therefore overrule her second and third assignments of error.

**Conclusion**

{¶13}   Since David failed to establish that he had experienced a change in circumstances not contemplated at the time of the original decree, the trial court lacked jurisdiction to modify the spousal support order.  As such, it was error to do so.  The decision of the trial court is reversed, and this case is remanded with instructions to dismiss David's motion to modify spousal support for lack of jurisdiction.

Judgment reversed and cause remanded.

**CUNNINGHAM, P.J.**, and **FISCHER, J.**, concur.

Please Note:

The court has recorded its own entry this date.