[Cite as *McKenna v. McKenna*, 2021-Ohio-3188.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| LORI A. MCKENNA, | : | APPEAL NO. C-210115 |
| | | TRIAL NO. DR-1600095 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| PETER J. MCKENNA, | : | |
| Defendant-Appellee. | : | |


Appeal From:  Hamilton County Court of Common Pleas, Domestic Relations
Division

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 15, 2021


*Croswell & Adams Co., L.P.A.,* and *Gregory L. Adams*, for Plaintiff-Appellant,

*Taft Stettinius & Hollister LLP* and *Aimee L. Keller*, for Defendant-Appellee.

**WINKLER, Judge.**

{¶1}    Plaintiff-appellant Lori McKenna ("Wife") appeals the judgment of the trial court granting a motion to reduce spousal support filed by defendant-appellee Peter McKenna ("Husband").    Because we determine that the trial court's modification of Husband's spousal-support obligation was not an abuse of discretion, we affirm.

## Background

{¶2}    Husband and Wife divorced in July 2018.   As part of the divorce decree, the trial court ordered Husband to pay Wife $27,500 per month in spousal support, indefinitely.   The trial court specifically retained jurisdiction over the amount and duration of support.   Husband filed an appeal from the final divorce decree, and during the pendency of his appeal, Husband moved the trial court to reduce his spousal-support order.   After this court decided Husband's appeal and affirmed the trial court's judgment, *see McKenna v. McKenna*, 1st Dist. Hamilton No. C-180475, 2019-Ohio-3807, Husband's motion to modify proceeded to trial before the magistrate in June 2020.

{¶3}    At trial on the post-decree motion, Husband testified that he continues to be a self-employed plastic surgeon, but that his business has declined because of increased competition, particularly with nonsurgical procedures.   Husband introduced testimony and evidence from his accountant that Husband's taxable income had decreased since the time of the divorce.   In 2014, prior to the divorce, Husband had a taxable income of $988,096.   In 2017, Husband's taxable income decreased to $777,716 and remained approximately at that level in 2018 and 2019.

{¶4} Wife introduced testimony from her accountant, who reviewed Husband's financial information. Wife's accountant testified that Husband's reported taxable income did not accurately represent his actual income, and that his actual income was greater. The magistrate ultimately determined that the analysis conducted by Wife's accountant was not persuasive, because she did not consider insurance and retirement contributions Husband is legally required to make, and because the trial court did not use an "actual income" analysis when it calculated spousal support for purposes of the original divorce decree.

{¶5} The magistrate granted Husband's motion and reduced his support obligation to $23,500 per month.

{¶6} Wife filed objections to the magistrate's decision. The trial court overruled Wife's objections, and adopted the magistrate's decision. Wife appeals.

## Modification of Spousal Support

{¶7} In her first assignment of error, Wife argues that the trial court erred by finding a substantial change in circumstances.

{¶8} As a general matter, a trial court's judgment modifying a spousal-support order based upon a substantial change in circumstances will not be disturbed on appeal absent a showing that the trial court abused its discretion. *Manley v. Manley*, 7th Dist. Columbiana No. 19 CO 0023, 2020-Ohio-1365, ¶ 15, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 218, 450 N.E.2d 1140 (1983).

{¶9} The Ohio Supreme Court has stated that spousal-support orders, just as any other order, are entitled to an expectation of finality. *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, 905 N.E.2d 172. In order for a trial court to have jurisdiction to modify an award of spousal support following a

divorce, the divorce decree or separation agreement must specifically reserve the court's jurisdiction to modify the spousal-support award. R.C. 3105.18(E)(1). The trial court here unquestionably reserved jurisdiction over the amount and duration of support. Furthermore, the moving party must also demonstrate a change in circumstances, which means "any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F)(1). The change in circumstances must be "substantial" such that the existing award is no longer reasonable or appropriate. R.C. 3105.18(F)(1)(a). The change in circumstances also must not have been "taken into account by the parties or the court as a basis for the existing award when it was established or last modified, whether or not the change in circumstances was foreseeable." R.C. 3105.18(F)(1)(b).

{¶10} Wife challenges the trial court's determination that Husband's decrease in income constituted a substantial change in circumstances that was not taken into account at the time of the original decree.

### Substantial Change in Circumstances

{¶11} Wife argues that Husband failed to prove that a substantial change in circumstances occurred between the filing of the divorce decree in July 2018, and Husband's motion to modify filed in August 2018.

{¶12} In support of her argument, Wife relies on *Brendamour v. Brendamour*, 1st Dist. Hamilton No. C-110391, 2012-Ohio-1825. In *Brendamour*, the trial court entered a divorce decree in November 2009. Sixty-three days later, in January 201o, the husband filed a motion to modify his support obligation. The husband's accountant testified that the husband's gross income from his business had been trending downward since 2006, and that his 2009 income was also

4

trending downward. The husband testified that his business had suffered increased competition from India. The husband presented evidence that the net income from his business was $320,920 in 2006, $256,867 in 2007, $162,411 in 2008, and $113,440 in 2009. Similarly, the husband's adjusted gross income, as reported on his tax returns, was $326,847 in 2006, $314,143 in 2007, $194,201 in 2008, and $75,724 in 2009. The trial court determined that the husband had shown a change in circumstances.

{¶13} On appeal, the *Brendamour* court acknowledged that the husband's income had been steadily declining, but that the husband had failed to present evidence that "there was an uncontemplated change in circumstances during the 63 day period between when the decree was entered and when he filed his motion to modify the support order." *Brendamour* at ¶ 8. The court determined that because "the touchstone of the trial court's jurisdictional analysis is what the parties had contemplated at the time of the original decree, [the husband] failed to meet his burden to show that there had been a change in circumstances that the parties had not contemplated at that time." *Brendamour* at ¶ 10.

{¶14} Wife relies on *Brendamour* to argue that the trial court's jurisdiction to modify spousal support must arise from the time period between the decree and the motion to modify, and, as a result, the trial court in this case erroneously relied on Husband's income from 2017 through 2019.

{¶15} In this case, although Husband filed his motion to modify spousal support within a short time after the decree, as was the case in *Brendamour*, here the trial court stayed Husband's modification motion for over a year during the pendency of his appeal from the final decree. As a result, the trial court heard

5

evidence from both parties' accountants regarding Husband's income for the time period between the filing of the decree and the hearing on Husband's modification motion—a time period of nearly two years. By contrast, the decline in income that the husband experienced in *Brendamour* occurred almost exclusively predecree, and therefore the husband could not show that the decline in income had not been contemplated at the time of the final decree.

{¶16} Wife also argues that any changes in Husband's income were not substantial. Wife relies on testimony from her accountant, Rebekah Smith. Smith testified that she had reviewed Husband's income-tax returns, and balance sheets and tax returns from his businesses. According to Smith, Husband's actual income in 2017, 2018, and 2019 was greater than the income reflected on Husband's income-tax returns. Smith testified that Husband's gross revenue from his business practices had actually increased from prior years. Smith arrived at her calculations by adjusting the depreciation that Husband had taken on some of his business purchases, and by adding back items that he had taken as business expenses.

{¶17} The magistrate ultimately did not find Smith's calculations persuasive. The magistrate found that Smith's depreciation adjustments and "add backs" had not been applied by the trial court when calculating Husband's income for purposes of the original spousal-support order. The magistrate also determined that Smith did not take into account Husband's mandatory contributions to his insurance and retirement.

{¶18} We cannot say that the trial court abused its discretion in finding Smith's expert testimony unpersuasive. During the original divorce proceedings, the magistrate determined Husband's income for purposes of spousal support by relying

on Husband's income-tax returns. Therefore, it was not unreasonable for the trial court to rely on Husband's income-tax returns in calculating Husband's income for the purpose of determining whether a substantial change in circumstances occurred.

{¶19} The trial court did not abuse its discretion in determining that Husband's decline in income constituted a substantial change in circumstances for the purposes of his spousal-support obligation. We overrule Wife's first assignment of error.

### Change "Taken into Account"

{¶20} In her second assignment of error, Wife argues that even if Husband's decrease in income amounted to a substantial change, the change was nevertheless taken into account in establishing the original support award. According to Wife, Husband argued during the property trial that his income had been trending downward because of increased competition in his business, and Husband and his accountant had previously testified regarding Husband's 2017 income.

{¶21} Wife again relies on *Brendamour*, but *Brendamour* was decided under former R.C. 3105.18(F) and *Mandelbaum*. Former R.C. 3105.18(F), like the current version, provided that "a change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." In *Mandelbaum*, the Ohio Supreme Court held that former R.C. 3105.18(F) did not abrogate the common-law requirements that a change in circumstances must be substantial and unforeseen. *Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, 905 N.E.2d 172, at ¶ 31.

{¶22} *Brendamour*, relying on *Mandelbaum*, focused on whether the change in circumstances had been contemplated by the parties at the time of the decree.

{¶23} After *Mandelbaum*, the legislature amended R.C. 3105.18(F). In particular, the legislature made clear that the change in circumstances must not have been "taken into account by the parties or the court as a basis for the existing award when it was established or last modified, whether or not the change in circumstances was foreseeable." R.C. 3105.18(F)(1)(b). Thus, whether Husband's decline in income was foreseen by the parties is not relevant. Rather, the question is whether the court took into account Husband's income decline in fashioning its order. It did not.

{¶24} Although some evidence of Husband's 2017 income was introduced at the property trial, it was not taken into account by the court as a basis for establishing the property award. In fashioning the original support order, the magistrate relied on Husband's income-tax returns for the years 2014, 2015, and 2016. Husband's 2017 income tax had not yet been filed. Furthermore, at the July 2020 modification hearing, Husband also introduced evidence of his 2018 and 2019 income, which would not have been taken into account by the trial court in 2018 when establishing the original support order. Thus, the trial court did not err in determining that Husband's decline in income was not taken into account by the court at the time of the original support order.

{¶25} We overrule the second assignment of error.

## Conclusion

{¶26} The trial court did not abuse it discretion in modifying Husband's support obligation. We affirm the judgment of the trial court.

Judgment affirmed.

**ZAYAS, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.