[Cite as *Sullinger v. Sullinger*, 2026-Ohio-1171.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| Douglas A. Sullinger | Court of Appeals No. L-25-00169 |
| Appellant | |
| | Trial Court No. DR 2015-0204 |
| v. | |
| Carol F. Sullinger | **DECISION AND JUDGMENT** |
| Appellee | Decided: March 31, 2026 |

* * * * *

Carol F. Sullinger, pro se, for appellee.

James L. Lane, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} This is an appeal from the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, reducing the amount of spousal support and ordering a revised payment schedule. Because the judgment represents an adoption of the magistrate's findings that includes an outdated payment schedule, we vacate the judgment only as to the payment schedule, and remand to the trial court to amend its judgment consistent with this decision.

## I. Background

{¶ 2} The matter on appeal is limited to the ambiguity within the trial court's judgment, implying a new, seemingly indefinite schedule that is contrary to the 84-month duration set forth in the final decree of divorce. We previously addressed other aspects of the divorce decree and judgment in *Sullinger v. Sullinger,* 2019-Ohio-1489, ¶ 127 (6th Dist.), *appeal not allowed,* 2019-Ohio-3331, ("*Sullinger I*") and *Sullinger v. Sullinger,* 2020-Ohio-3549 (6th Dist.) ("*Sullinger II*"). We outlined the facts and history of proceedings of the parties' dispute in *Sullinger I*, and for purposes of the present matter, we limit our discussion of facts to those related to the judgment on appeal.

{¶ 3} Plaintiff-appellant Douglas Sullinger and defendant-appellee Carol Sullinger married on October 8, 1994, and have two children together, both emancipated at the time of the divorce decree. During the marriage, Douglas and Carol formed a successful business, a technology reseller that sells and renews licenses on Oracle products.[1] Prior to the divorce, Carol held the majority interest, permitting the company to participate in supplier diversity initiatives with the Women's Business Enterprise National Council as a minority-owned business. As part of the division of marital assets, Douglas received the entire Vendita business, free and clear of Carol's interest. Because

---

[1] The business was comprised of several related entities, with the primary businesses Vendita Technological Group, LLC (VTG, LLC) and Vendita Technological Group, Inc. (VTG, Inc.). Carol was majority owner of VTG, LLC, the profit-generating arm of the business, and Carol and Douglas received annual distributions from the business. Douglas owned and controlled VTG, Inc., and used it to pay Vendita business expenses, which in turn were reimbursed by VTG, LLC by paying it an annual management fee. *Sullinger II* at ¶ 5.

2.

Carol was no longer the majority owner, the business no longer qualified as a minority-owned business, which negatively affected the profitability of the business awarded to Douglas in the divorce.

{¶ 4} In its final judgment and decree granting divorce, entered March 23, 2018, the trial court addressed the statutory factors under R.C. 3105.18 and awarded Carol spousal support of $14,000 per month for seven years (84 months) and retained jurisdiction over the amount of the award, but not the duration. Douglas appealed the award of spousal support in *Sullinger II* and we affirmed the judgment on June 30, 2020.

{¶ 5} During the pendency of the appeal in *Sullinger II,* Douglas filed motions on May 1, and August 30, 2019, seeking modification of the spousal support award. Douglas also ceased his payments for spousal support while the motions were pending, apparently paying nothing from August 19, 2019 until the present. Carol filed motions to show cause and motions for contempt, based in part of the cessation of spousal support payments.

{¶ 6} Carol also filed a motion seeking an order for prejudgment attachment regarding the sale of real property in Hardin County, Ohio, which the trial court granted. Douglas appealed that order in *Sullinger v. Sullinger,* 6th Dist. No. L-20-1097 (*Sullinger III*). On February 5, 2021, we dismissed the appeal in *Sullinger III* after Carol filed a motion to dismiss, noting the issue became moot after Douglas used the sale proceeds for the property to satisfy a mortgage on property in Florida, rendering attachment under R.C. 2715.01, et seq., impossible.

3.

**The Magistrate's Decision**

{¶ 7} The trial court scheduled hearing on the remaining motions following our dismissal of *Sullinger III.* The parties engaged in extensive discovery, relative to the motions. After several continuances, the magistrate held hearings on the motions on January 20, 2022, December 5-6, 2022, and February 6-7, 2023. The parties each filed their proposed findings of fact and conclusions of law on March 8, 2023.

{¶ 8} On October 12, 2023, the magistrate issued a decision, rejecting the request to adjust spousal support to $0 but granting a reduction in spousal support, setting forth a new schedule of payments and arrearages. In reaching this decision, the magistrate noted that Douglas ceased paying monthly spousal support on August 19, 2019. The magistrate also determined a substantial change of circumstances, finding that Douglas's income involuntarily decreased since the award for spousal support. The decrease coincided with the "loss of revenue from the sale of Oracle products to IBM customers" by the Vendita business. The magistrate also determined that Douglas did not "take reasonable steps that were within his means to comply" with his obligation to pay spousal support and found Douglas in contempt. Pertinent to this appeal, the magistrate ordered:

> [Douglas's] motions filed May 1, 2019 and August 30, 2019 are found well taken. [Douglas's] spousal support obligation is modified. [Douglas] shall pay spousal support in the amount of $5,000 per month, effective May 1, 2019 continuing until December 31, 2020.
> Effective January 1, 2021, [Douglas] shall pay spousal support in the amount of $1,000 per month, plus processing charge. All spousal support shall continue to be taxable to [Carol] and deductible by [Douglas]. The Lucas County Child Support Enforcement shall correct their records accordingly.
> [Douglas] shall commence paying spousal support through the Lucas County Child Support Enforcement Agency. [Douglas] shall pay current

4.

spousal support of $1,000 per month, an additional sum of $500 per month toward spousal support arrears and a processing charge of $30 per month, for total payment of $1,530 per month.

All support under this order shall be withheld from the income or assets of the obligor pursuant to a withholding or deduction notice or appropriate order issued in accordance with Chapters 3119, 3121, 3123, and 3125 of the Revised Code or a withdrawal directive issued pursuant to Sections 3123.24 to 3123.28 of the Revised Code and shall be forwarded to the oblige in accordance with Chapter 3121 of the Revised Code.

**[DOUGLAS] SHALL PAY ALL SUPPORT THROUGH THE OHIO CHILD SUPPORT PAYMENT CENTRAL (OCSPC) UNTIL IT IS WITHHELD FROM INCOME.**

All child support and spousal support must be paid through Ohio Child Support Payment Central (OCSPC) **Both parties are hereby notified that any payments made directly to the other party shall be deemed to be gifts and the party ordered to pay support will not be entitled to any credit for these payments.**

[Carol's] motions filed December 3, 2019 and July 28, 2022 are found well taken and [Douglas] is found to be in contempt for failure to pay spousal support and failure to designate [Carol] as a beneficiary of an insurance policy on his life in an amount equal to the outstanding spousal support. Having been found in contempt, [Douglas] is sentenced to up to thirty (30) days of incarceration at Corrections Center of Northwest Ohio (CCNO). [Douglas] may purge the contempt and avoid incarceration by staying current on his spousal support obligation, paying $15,000 toward his spousal support arrearage on or before **January 31, 2024** and by naming [Carol] as a beneficiary of an insurance policy on his life in an amount equal to the outstanding spousal support, which includes arrearages, on or before **January 31, 2024**.

**Objections to the Magistrate's Decision and the Judge's Ruling**

{¶ 9} Douglas filed objections to the magistrate's decision on October 26, 2023, with a supplemented filing on January 17, 2024.[2] Pertinent to this appeal, Douglas challenged the reduction granted by the court, arguing the award should have been reduced to $0 as of May 1, 2019 due to his decreased income and inability to pay his own

---

[2] Carol also filed objections to the magistrate's decision, on November 6, 2023. Carol has not asserted a cross-appeal, relative to her objections.

5.

living expenses. Douglas did not challenge the duration of spousal support; in 2023, the spousal support obligation was still within the 84-month period ordered by the trial court in the March 23, 2018 divorce decree.

{¶ 10} On June 24, 2025, the trial court overruled Douglas' objection related to the reduction in spousal support. While noting that Douglas "incurred a significant reduction in income," the trial court also noted that Douglas had earnings that would permit the reduced spousal support payments. In addressing the contempt finding for failure to make spousal support payments, the trial court also noted that Douglas demonstrated he had considerable funds for discretionary spending, and made large purchases for his former fiancé and her family before his fiancé ended the relationship in 2022. Despite claiming he lacked funds to make spousal support payments, Douglas made expensive purchases through his business, buying his fiancé a Bentley and paying for a home in Georgia. He also continued making charitable donations through his businesses. Based on his spending, the trial court determined Douglas demonstrated a financial ability to make payments toward his spousal support obligation. The trial court found that Douglas made no attempt to make even partial payments toward spousal support, but instead, ceased all payments in August 2019.

{¶ 11} After reviewing the magistrate's decision and applying the law, the trial court adopted the magistrate's decision, reducing the aggregate amount of Douglas' spousal support by granting a reduction from May 1, 2019 through December 31, 2020 to $5,000 per month, and a reduction from January 1, 2021 to $1,000 per month. The trial

6.

court further adopted the magistrate's order to make payments toward arrearages from January 1, 2021 in the amount of $500 per month plus $30 processing fee.

{¶ 12} In adopting the magistrate's order, however, the trial court failed to adapt the dates recited within the magistrate's decision to reflect the passage of time. As a result, on June 24, 2025, after the expiration of the 84-month period of spousal support, the trial court ordered "current spousal support payments" after January 1, 2021, with all payments made to Ohio Child Support Payment Central (OCSPC). The trial court further found Douglas in contempt for failure to pay spousal support.[3] The court imposed a 30-day jail sentence which Douglas could purge by making a $15,000 payment toward his arrears on or before January 31, 2024.[4]

{¶ 13} Douglas filed a timely appeal of the judgment.

## II. Assignments of Error

{¶ 14} In appealing the judgment, Douglas asserts a single assignment of error, as follows:

> The trial court erred and abused its discretion in modifying the duration of spousal support.

## III. Analysis

{¶ 15} As an initial matter, we note that Douglas does not challenge the reduced spousal support but limits his argument to the trial court's failure to designate an expiration date for spousal support. Without specific terms of duration, Douglas argues

---

[3] Douglas does not assign the contempt finding as error on appeal.
[4] On the date of the trial court's judgment, Douglas' purge date was months in the past.

7.

that the Lucas County Child Support Enforcement Agency (CSEA) "may interpret the language of the new entry as establishing an open-ended spousal support order without a specific termination date."

{¶ 16} Upon thorough review, we find no explicit modification of the duration of the spousal support award, beyond 84 months. We also do not construe the trial court's judgment as implicitly modifying the duration beyond 84 months. Instead, the record is clear that the trial court failed to recognize that the schedule of "current payments" provided in the magistrate's decision could not be adopted in the judgment on appeal, due to the passage of time.

{¶ 17} The issue on appeal concerns the modification of Douglas's spousal support obligation. Pursuant to R.C. 3105.18, a trial court may modify a prior award of spousal support upon the applicant's showing of a change of circumstances, but only if the trial court retained jurisdiction over the spousal support award. *See* R.C. 3105.18(E); *Mandelbaum v. Mandelbaum,* 2009-Ohio-1222, paragraph two of the syllabus. We review modification of a spousal support award for an abuse of discretion. *Howard v. Howard,* 2013-Ohio-3558, ¶ 21 (6th Dist.), citing *Miller v. Miller,* 2010-Ohio-6521, ¶ 14 (6th Dist.).

{¶ 18} In this case, the trial court retained jurisdiction over the amount of spousal support and determined there was a change of circumstances, meriting modification of the amount of spousal support. The trial court reduced Douglas' obligation from $14,000 per month for the period between May 1, 2019 and December 31, 2020 to $5,000 per month. The trial court further reduced Douglas' obligation from January 1, 2021 to

8.

$1,000 per month, ordering payment toward arrearages beginning January 1, 2021 in the amount of $500 per month, plus the $30 processing fee, with all payments made to OCSPC. Douglas does not challenge this portion of the judgment.

{¶ 19} Douglas limits his assignment of error to challenging the trial court's order of "current spousal support" payments, based on the date of the judgment in June 2025, after the expiration of the 84 months ordered in the 2018 decree. Considering this argument, we agree that the trial court's judgment provides a payment schedule and purge conditions, related to spousal support, that do not, in the present, permit compliance. In the context of contempt, "a trial court abuses its discretion in ordering purge conditions which are unreasonable or where compliance is impossible." *Ortmann v. Ortmann,* 2002 WL 445049, *4 (6th Dist. Mar. 22, 2002), quoting *Burchett v. Miller,* 123 Ohio App.3d 555, 552 (6th Dist.1997) (additional citation omitted.). The trial court's order for "current spousal support" in its judgment, accordingly, was an abuse of discretion because it is an impossibility.

{¶ 20} However, in finding an abuse of discretion based on the schedule for current payment, we find this determination has no effect on the total amount owed in spousal support, after the trial court's modification of the spousal support award. Furthermore, Douglas does not argue, as an issue on appeal, that he is no longer required to pay arrearages on his support obligation, after the expiration of the 84-month period in which spousal support was ordered. In its judgment, the trial court ordered continuing, periodic payments through CSEA, without any revised calculation of the amount or character of Douglas' continued obligation, after the 84-month period.

9.

{¶ 21} Seizing on the ambiguity created by the trial court in its adoption of an impossible schedule of payments, Douglas appears to argue that CSEA should not be permitted to continue collecting any payment from him, after the 84-month period. In support, he provides no legal authority, aside from challenging the trial court's order as a modification of duration, not permitted under R.C. 3105.18(E). Because we find no attempt by the trial court to modify the duration of the spousal support obligation, we reject this argument.

{¶ 22} Douglas does not dispute that he remains obligated to pay spousal support, as modified and reduced by the trial court in its judgment of June 24, 2025. Furthermore, Douglas' challenge to CSEA's collection of periodic payment is limited to the lack of an end date regarding all collections – current and arrearages – which he characterizes as interchangeable with the court-ordered duration for his spousal support obligation. Here, the trial court ordered CSEA to collect current spousal support and arrearages, but in adopting the magistrate's schedule, imposed an impossible schedule regarding current spousal support. However, contrary to Douglas' assertion, a court's order to CSEA regarding collection of spousal support *arrearages* is not the equivalent of a modification of the spousal award under R.C. 3105.18(E). *See Boyer v. Boyer,* 2004-Ohio-5450, ¶ 16 (9th Dist.) ("court's establishment of periodic payments did not constitute a modification of the spousal support but merely a change in the collection of spousal support arrearages")

{¶ 23} Therefore, we find Douglas' sole assignment of error well-taken in part, and not well-taken, in part. We find the trial court abused its discretion by ordering

"current spousal support" payments through a schedule that that does not permit compliance. However, we also find the trial court did not abuse its discretion in modifying the amount of the spousal support award or by ordering CSEA to collect periodic payment toward Douglas' arrearages. We further find the trial court did not modify the term of duration for the spousal support award by ordering periodic payment to CSEA for arrearages.

{¶ 24} Accordingly, we reverse and vacate only as to the "current spousal support" payment schedule and remand to the trial court to amend the judgment to adopt the substance of the magistrate's decision in a manner that adjusts for the passage of time.

### IV.    Conclusion

{¶ 25} We affirm, in part, the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, and reverse and vacate only that portion of the judgment that sets forth a "current" payment schedule rendered impossible by the passage of time. The matter is remanded for amendment to the judgment, consistent with this decision. The parties shall split the costs of appeal pursuant to App.R. 24(A).

Judgment affirmed in part and reverse and vacated in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| Gene A. Zmuda, J. | |
| --- | --- |
| | JUDGE |
| Myron C. Duhart, J. | |
| | JUDGE |
| Charles E. Sulek, J. | |
| CONCUR. | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.